# THIRD DEPARTMENT, JUNE, 1975

## (June 5, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMON B. HUBBARD, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 19, 1974, upon a verdict convicting defendant of the crimes of assault in the second degree in violation of subdivision 2 of section 120.05 of the Penal Law and possession of weapons and dangerous instruments and appliances in violation of former subdivision 2 of section 265.05 of the Penal Law (L 1964, ch 521, § 1) and sentencing defendant to two concurrent indeterminate sentences with maximum terms of five and four years. The alleged assault herein took place on April 11, 1973 when defendant, with a loaded handgun, chased complainant, Clifford Perry, about the streets of the City of Albany and shot at him several times, wounding him in the left leg and the right shoulder. As a result, complainant was rendered unconscious and later underwent surgery at the Albany Medical Center. Defendant was indicted, tried and convicted as noted above. On this appeal, defendant first contends that it was error for the Trial Judge to deny his request that the jury be charged as to assault in the third degree (Penal Law, § 120.00) as a lesser included offense of count one of the indictment, alleging assault in the first degree (Penal Law, § 120.10). We disagree. Pursuant to CPL 300.50, the court must submit to the jury a lesser included offense only where it is requested to do so by either party and:

"there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." (CPL 300.50, subd. 1.) In the present instance, no reasonable view of the evidence presented at the trial would support a finding that defendant's alleged actions were not intentional or not carried out by means of a deadly weapon. Such being the case, a consideration of the material elements which must be present to support a conviction for each of the degrees of assault (Penal Law, §§ 120.00, 120.05, 120.10) makes it readily apparent that defendant here could not have committed an assault in the third degree without likewise having committed an assault in either the first or second degree. Therefore, his request to charge was properly denied. Defendant's remaining contentions relative to his conviction of possession of a loaded firearm are likewise without merit. At the trial, the evidence of his guilt was overwhelming and no defense was raised that he was licensed to carry a gun (see Penal Law, § 25.00). Furthermore, the possession clearly constituted a crime separate and independent of the assault on complainant (cf. *People v Wade,* 31 AD2d 657). Judgment affirmed. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.