■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY J. HENDERSON, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered November 7, 1974, upon a verdict convicting defendant of the crime of attempted burglary in the third degree in violation of sections 110.00 and 140.20 of the Penal Law and sentencing him to an indeterminate term of imprisonment for a period of not more than four years, nor less than two years, to begin after completion of a sentence of imprisonment imposed by the Delaware County Court on July 1, 1974. On appeal defendant claims (1) that the evidence was insufficient to warrant his conviction; (2) that the trial court erred in refusing to charge as to criminal trespass in the third degree (Penal Law, § 140.10), and (3) that the sentence imposed upon defendant was excessive. After reviewing the evidence we conclude it was error for the Trial Judge to deny defendant's request that

the jury be charged as to criminal trespass in the third degree (Penal Law, § 140.10) as a lesser included offense of the indictment alleging attempted burglary in the third degree (Penal Law, §§ 110.00, 140.20). Pursuant to CPL 300.50 (subd 1), the court must submit to the jury a lesser included offense only where it is requested to do so and "there is a reasonable view of the evidence which would support such a finding that the defendant committed such lesser offense but did not commit the greater" (cf *People v Hubbard,* 48 AD2d 941). To sustain a conviction for violation of section 140.20 of the Penal Law, there must be adequate proof that defendant entered the property with intent to commit a crime therein. Although the requisite intent may be inferred from the circumstances of the entry *(People v Terry,* 43 AD2d 875), in this case the evidence to prove intent was entirely circumstantial. The evidence demonstrated that the person who broke the window in the garage had not gained complete entrance, but was surprised by the owner of the garage and fled. While we conclude that there is sufficient evidence to warrant a jury finding that the defendant made the actual entry into the garage, we also conclude that under a reasonable view of the evidence the jury could have found that defendant committed the crime of criminal trespass in the third degree (Penal Law, § 140.10) and had not committed the crime of attempted burglary in the third degree (Penal Law, §§ 110.00, 140.20) as he may not have had an intent to commit a crime after entry into the garage. As the judgment of conviction must be reversed, we have not considered defendant's claim that the sentence was excessive. Judgment reversed, on the law, and matter remitted for a new trial. Greenblott, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.