■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD N. FUGARO, Appellant. — Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered May 24, 1982, upon a verdict convicting defendant of the crime of assault in the third degree. Defendant was indicted for the crime of assault in the second degree in violation of subdivision 1 of section 120.05 of the Penal Law in a one-count indictment charging that, with intent to cause serious injury to another person, he did cause such injury to one Leonard Keyes by biting off a portion of his right ear. The charge arose as a result of an altercation in the parking lot of the Kinderhook Inn involving defendant and Keyes. Both parties had spent the evening consuming alcoholic beverages at the inn and became embroiled in fisticuffs over a dispute as to who caused damage to a mirror on Keyes' car. In the ensuing tussle which included both parties rolling around on the ground, Keyes' ear was traumatically severed. Keyes was taken to the hospital, together with his ear, which was reattached in part and duly repaired by a plastic surgeon. Defendant returned to Yonkers with his companions. He was thereafter arrested, indicted, tried and convicted of assault in the third degree which was charged to the jury as a lesser included offense over the objection of defense counsel. The charge of the lesser included offense presents the only issue of substance on this appeal. While the court may, in its discretion, submit lesser included offenses as alternatives to the offense charged (CPL 300.50, subd 1), that discretion is circumscribed by a two-fold test before it can be exercised. First, it must be theoretically impossible to commit the greater crime without at the same time committing the lesser, as determined by comparing the statutes defining the two crimes in the abstract. Secondly, after examining the evidence in the individual case, there must be a reasonable view of such evidence which would support a finding that, while the defendant did commit the lesser offense, he did not commit the greater (*People v Glover,* 57 NY2d 61). Applying this test to the instant case, a comparison of the provisions of subdivision 1 of section 120.05 of the Penal Law, assault with intent to cause serious physical injury to another person and causing such injury, with subdivision 1 of section 120.00 of the Penal Law, assault with intent to cause physical injury to another person and causing such injury, results in the conclusion that the first prong of the two-fold test is satisfied; it is impossible to cause serious physical injury without causing physical injury. Satisfaction of the second prong of the test, however, presents a more troublesome problem in this case. It was

defendant's contention, testifying in his own defense, that he never intended to sever Keyes' right ear; it was an accident occurring in the middle of a brawl as they both rolled on top of each other on the ground of the parking lot. Several witnesses testifying on defendant's behalf supported this argument. He also offered proof of his own hospitalization following this incident which indicated he sustained a possible concussion as a result thereof, lending support to his lack of recollection of some phases of the incident in question. Accordingly, we need not consider the question of whether the injury received was "physical injury" or "serious physical injury" (Penal Law, § 10.00, subds 9, 10), for under the facts of this case, the jury could find that although the injury did occur, defendant never intended the harm inflicted, but used more force than necessary in defending himself in a postbarroom brawl (*People v Lindsey*, 12 NY2d 421). Apparently this was the conclusion reached by the jury, and their right to accept or reject various parts of the evidence presented by both sides must be respected (*People v Green*, 56 NY2d 427, 434). Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.