■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PEZZELLA and MICHAEL PEZZELLA, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Posner, J.), both rendered April 7, 1983, convicting defendant Joseph Pezzella of assault in the second degree and convicting defendant Michael Pezzella of assault in the second degree and assault in the third degree, upon jury verdicts, and imposing sentences. ¶ Judgment as to defendant Joseph Pezzella reversed, on the law, and indictment dismissed as to him, without prejudice to the People to re-present any appropriate charges to another Grand Jury (*People v Beslanovics,* 57 NY2d 726). ¶ Judgment as to defendant Michael Pezzella modified, on the law, by vacating his conviction of assault in the second degree and the sentence imposed thereon under count one of the indictment. As so modified, judgment as to defendant Michael Pezzella affirmed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics, supra*). ¶ Defendants were indicted for the crimes of assault in the first degree (two counts), assault in the third degree and criminal mischief in the fourth degree. The assault in the first degree charges arose out of an altercation between defendants and Adam Turkin, while the assault in the third degree charge accused defendants of causing physical injury to Lisa McGill. During the course of the trial, the court dismissed count two of the indictment charging assault in the first degree as to both defendants. The court further dismissed the charges of assault in the third degree and criminal mischief in the fourth degree against Joseph Pezzella. At the time of sentencing, the court set aside Michael Pezzella's conviction of criminal mischief in the fourth degree and dismissed that charge as against him. ¶ Thus, at the time of the requests to charge, both defendants were faced with one count of assault in the first degree, which accused them of intending to and causing serious physical injury to Turkin by means of dangerous instruments. Moreover, Michael Pezzella faced an assault in the third degree charge as well as the criminal-mischief charge. With respect to the first degree assault count, the People requested the trial court to instruct the jury as to the lesser included offenses of assault in the second degree and assault in third degree. The court agreed to instruct the jury as to assault in the second degree but declined to charge the jury as to assault in the third degree as a lesser included offense. Defense counsel, who initially argued that no charge down should be given at all, objected to the court's refusal to charge the jury on assault in the third degree. ¶ We believe that defendants were entitled to a jury instruction as to the crime of assault in the third degree as a

lesser included offense of assault in the first degree. The testimony revealed that during the fight, Turkin was kicked and punched by a number of boys. He also received two cuts on his upper lip. While it is clear that one of these cuts was caused by a sharp instrument, the evidence was inconclusive that it was either defendant who employed a weapon against him. The jury could reasonably have found that defendants were guilty of assault in the third degree as to Turkin rather than assault in the second degree. It was, therefore, error for the trial court to refuse to instruct the jury as to assault in the third degree as a lesser included offense (see *People v Smith*, 47 AD2d 909). ¶ We have examined defendants' other contentions and find them to be without merit. Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.