■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GALVIN, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 6, 1983, upon a verdict convicting defendant of the crimes of assault in the first degree and assault in the second degree.

On December 7, 1982, defendant was indicted on two counts of assault in the first degree and a third count of reckless endangerment in the first degree, stemming from an altercation with one Donald Shufelt outside a bar in the City of Albany. It is alleged that defendant either intentionally or recklessly struck the victim's head against the concrete sidewalk, causing serious physical injury. On the first count of intentional assault (Penal Law, § 120.10, subd 1), the trial court agreed to charge assault in the second degree (Penal Law, § 120.05, subd 2) as a lesser included offense, but refused defendant's request to also charge assault in the third degree (Penal Law, § 120.00). As to the second count of reckless assault (Penal Law, § 120.10, subd 3), the court again refused defendant's request to charge assault in the third degree as a lesser included offense, but did agree to charge assault in the second degree (Penal Law, § 120.05, subd 4). The court refused to charge the third count of the indictment, reckless endangerment in the first degree (Penal Law, § 120.25), despite defendant's objection. The jury found defendant guilty of assault in the first degree (Penal Law, § 120.10, subd 1) on the first count and assault in the second degree (Penal Law, § 120.05, subd 4) on the second count. Defendant was sentenced to concurrent indeterminate terms of imprisonment of 5 to 15 years on the first count and 2⅓ to 7 years on the second count. This appeal ensued.

While there are several issues raised on this appeal, we focus our attention on the propriety of the trial court's charge. As to the first count, defendant asserts that the trial court committed reversible error in refusing to charge assault in the third degree as a lesser included offense (CPL 300.50, subd 1). We agree. It is not disputed that assault in the third degree is a lesser included offense of the charged crimes of assault in the first and second degrees (Penal Law, § 120.10, subd 1; § 120.05, subd 2) under the first tier of the two-tier test set forth in *People v Glover* (57 NY2d 61) for submission of a lesser included offense to the jury (*People v Price,* 99 AD2d 878; *People v Fugaro,* 96 AD2d 659). One of the aggravating features of the offenses charged under the first count of the indictment is that the concrete sidewalk constituted

a dangerous instrument. Turning to the second tier of the *Glover* test, the issue resolves to whether a reasonable view of the evidence would support a determination that defendant did not utilize the sidewalk as a dangerous instrument to inflict injury, but that Shufelt was nonetheless injured when his head struck the sidewalk during the struggle, i.e., that defendant committed the lesser offense of third degree assault but not one of the greater offenses charged. The record contains contrasting testimony as to whether defendant intentionally struck Shufelt's head against the sidewalk. One prosecution witness testified ·that he observed defendant hold Shufelt by the hair and bang his head against the sidewalk. A second prosecution witness observed defendant jump onto the victim, who then fell to the ground striking his head face first. This witness further observed defendant holding Shufelt by the head and shaking him, but could not confirm whether the victim's head was striking the sidewalk. A third prosecution witness testified on cross-examination that he observed defendant and Shufelt wrestling, but did not see defendant pound the victim's head on the sidewalk. A defense witness similarly testified that he observed the struggle but never saw defendant strike Shufelt's head on the pavement.

In assessing whether to submit a lesser included offense to the jury, the evidence must be viewed in a light most favorable to defendant, with a recognition that the jury is free to accept or reject all or part of the evidence presented (*People v Henderson,* 41 NY2d 233, 236). Our inquiry is not whether persuasive evidence of guilt of the higher crime exists, but whether a jury could reasonably acquit defendant on the higher count (*People v Green,* 56 NY2d 427, 434; *People v Shuman,* 37 NY2d 302, 304). From the testimony presented, the jury may very well have determined that Shufelt's injuries emanated from falling on the pavement during the course of the struggle, and not as a result of defendant's affirmative acts of striking the victim's head against the sidewalk (see *People v Battle,* 22 NY2d 323; *People v Fugaro,* 96 AD2d 659, *supra*). As such, we conclude that the trial court erred in refusing to charge assault in the third degree as requested (see *People v Green, supra,* pp 434-435). Since we do not consider this error as harmless, a new trial is required with respect to the first count of the indictment.

As to the second count of the indictment, we further conclude that the trial court erred in refusing defendant's request to charge assault in the third degree as a lesser included offense. By reasoning consonant with the above discussion of count one, the evidence was such that the jury could have concluded that defendant recklessly inflicted physical injury upon Shufelt, but

not under circumstances reflecting a depraved indifference to human life, in a manner such as to create a grave risk of death. Given this possibility and the absence of a "dangerous instrument" element under count two, the next available lesser included offense is assault in the third degree (Penal Law, § 120.00, subd 2). Since a reasonable view of the evidence would sustain a conclusion that defendant acted recklessly, and not under the higher degree of "depraved indifference" necessary to satisfy the requirements of assault in the first degree (Penal Law, § 120.10, subd 3), the trial court was required to charge assault in the third degree as requested and the failure to do so necessitates a new trial. We recognize that since defendant was acquitted on assault in the first degree as charged in count two, nothing remains to support further prosecution under that count of the indictment. These circumstances prevailing, the judgment convicting defendant of assault in the second degree should be dismissed, with leave to the People to re-present any appropriate charges to another Grand Jury (see *People v Gonzalez,* 61 NY2d 633; see *People v Reome,* 101 AD2d 632; *People v Lee,* 100 AD2d 357). In so deciding, we note that further prosecution on the first degree assault charge (Penal Law, § 120.10, subd 3) is barred on ground of double jeopardy.

Except for a brief discussion of the trial court's *Sandoval* ruling, which defendant asserts deprived him of a fair trial, we deem it unnecessary to discuss defendant's remaining contentions of error. Following a *Sandoval* hearing, the trial court ruled that the prosecution could inquire into the underlying facts but not the conviction of a 1976 assault for which defendant was adjudicated a youthful offender, and two prior convictions for driving while intoxicated stemming from arrests on September 29, 1982 and on October 24, 1982. The trial court excluded inquiry into a disorderly conduct conviction in July of 1980. Defendant elected not to testify. Defendant contends that the DWI convictions are more indicative of an alcohol problem than probative of his credibility. Despite defendant's attempt to minimize these convictions as traffic violations, they are misdemeanors which emanated from events in close proximity in time to the present incident and certainly suggestive of a readiness to advance defendant's self-interest against those of society. Thus, these two convictions were properly allowed for impeachment purposes. Upon review of the minutes of the *Sandoval* hearing, we further conclude that the trial court properly exercised its discretion in authorizing inquiry into the underlying facts of the assault conviction (see *People v Bennette,* 56 NY2d 142; *People v Dodt,* 92 AD2d 1063, 1066, revd on other grounds 61 NY2d 408).

The trial court reasoned that the prior assault was indicative of defendant's willingness "to elevate his own personal, private interests over that of society", and balanced the probative value of the incident against the risk of unfair prejudice to defendant (*People v Pavao,* 59 NY2d 282, 291-292). Nor was the prior assault so remote in time as to be without relevance. Accordingly, we find no abuse of discretion in the trial court's *Sandoval* ruling.

Judgment reversed, on the law, and matter remitted to County Court of Albany County for a new trial on the first count of the indictment; the second count of the indictment is dismissed, with leave to the People to re-present any appropriate charge relating thereto to another Grand Jury. Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.

Casey, J. P., dissents and votes to affirm in the following memorandum. Casey, J. P. (dissenting). Although I agree with the majority that assault in the third degree (Penal Law, § 120.00, subd 1) is a lesser included offense (CPL 1.20, subd 37) of assault in the first degree (Penal Law, § 120.10, subd 1), and in appropriate circumstances should be so charged,* I do not agree that the factual pattern here required submission of such lesser charge under the first count of the indictment.

The elements of assault in the first degree as charged in the indictment are (1) an intent to cause serious physical injury, (2) the causing of such injury, and (3) the use of a dangerous instrument (Penal Law, § 120.10, subd 1). There can be no factual dispute concerning the seriousness of the injuries received by the victim, Donald Shufelt. It is generally agreed that he sustained a subdural hemorrhage necessitating a craniotomy. As to the dangerous instrument element, required for both the first count of the indictment and for the lesser included offense of assault in the second degree (Penal Law, § 120.05, subd 2), which the trial court charged pursuant to defendant's request, there is no reasonable view of the evidence other than that the victim sustained his injury by defendant's "banging" his head against the sidewalk. According to the witness Kevin McCoy, who had a clear, unobstructed view of the altercation, "the other guy [defendant] was on top of Shufelt and he had him by the hair and was hitting his head against the sidewalk. * * * Shufelt was on the bottom getting his head pounded in on the concrete". Although some of the other witnesses saw only the scuffle and not the actual pounding of the victim's head, their

---

* The infliction of serious physical injury upon another with an intent to cause only physical injury would, without any of the statutory aggravating circumstances, be such a situation.

testimony in no way conflicts with the testimony of McCoy and was due to the observation point of these witnesses, rather than to any disagreement with McCoy's version. The majority's conclusion that the victim might have received his injuries in the scuffle or as a result of accidently falling on the sidewalk during the scuffle is sheer speculation and, in my opinion, totally lacks evidentiary support. Furthermore, McCoy's testimony is the only evidence that comports with the type and kind of injury that the victim unquestionably received. The sidewalk, having been used in the manner indicated by McCoy, constituted a dangerous instrument within the meaning of subdivision 13 of section 10.00 of the Penal Law (see *People v Carter,* 53 NY2d 113).

This analysis leaves a factual dispute only as to defendant's intent. The intent required for assault in the first degree, as charged in the indictment, is an intent to cause serious physical injury. Under the circumstances of this case, the only possible lesser intent is the intent to cause physical injury only. That issue was properly submitted to the jury (see *People v Green,* 56 NY2d 427) by the charge of assault in the second degree under subdivision 2 of section 120.05 of the Penal Law, and by the submission of this lesser charge defendant received the benefit of all the mitigating factors to which he was entitled. In this fact pattern, there was no need to charge assault in the third degree, and, in my opinion, the trial court was correct in refusing defendant's request for such charge.

An additional reason exists for my vote to affirm defendant's conviction under the first count of the indictment. Even accepting defendant's argument that the use of the sidewalk did not constitute a dangerous instrument, which would eliminate that element from the crime charged, defendant would still be guilty of nothing less than assault in the second degree, under subdivision 1 of section 120.05 of the Penal Law, which requires an intent to cause serious physical injury and the causing of such injury. I am aware that this subdivision was not charged, but there was no request to charge it or any exception to the trial court's failure to do so. The absence of such a charge cannot now, therefore, be considered reversible error. The point is that the jury, by its verdict of guilty on the first count of the indictment, found that defendant intended to cause serious physical injury to the victim and did in fact cause such injury; this finding, even without the element of a dangerous instrument, would sustain a verdict of assault in the second degree, under subdivision 1 of section 120.05, rather than assault in the third degree. The trial court, having charged assault in the second degree, albeit not

under subdivision 1 of section 120.05, permitted the jury to consider the crime of assault in the second degree under its mercy dispensing power, and the trial court's failure to charge under subdivision 1, without request or exception, while charging subdivision 2 of section 120.05, was, at most, harmless error. Defendant should not be permitted to avoid a request for a charge of assault in the second degree, under subdivision 1 of section 120.05, and as a consequence obtain a trial on his indictment, *de novo,* for the trial court's failure to charge down to assault in the third degree. If the jury did not find that the prosecution had proven beyond a reasonable doubt the three elements of assault in the first degree as charged in the indictment, or the elements of assault in the second degree as submitted, the jury was instructed to acquit defendant. Under the circumstances, these instructions were proper and any error which may have existed was at most harmless. Defendant's conviction on the first count of the indictment should, therefore, be affirmed and, accordingly, I am compelled to dissent from the position of the majority holding otherwise.

Under the second count of the indictment, which charged defendant with assault in the first degree under subdivision 3 of section 120.10, the trial court charged assault in the second degree under subdivision 4 of section 120.05. This latter charge is defined as recklessly causing serious physical injury by means of a deadly weapon or dangerous instrument. Inasmuch as this charge contains the element of a deadly weapon or dangerous instrument, which is not contained in the crime charged in the second count of the indictment, the lesser crime submitted was not a lesser included offense since it is theoretically possible to commit the greater offense without concomitantly committing the lesser. It was, therefore, error for the trial court to charge assault in the second degree. Defendant, however, did not except or object to such charge and thereby waived his right to review its propriety on this appeal. Contrary to defendant's contention, this error is not of a jurisdictional nature and can be waived (*People v Ford,* 62 NY2d 275, 279). Defendant was convicted by the jury on this charge of assault in the second degree, as submitted. Because of his waiver, this conviction was possible unless the refusal of the trial court to honor defendant's request to charge down to assault in the third degree was reversible.

Under subdivision 3 of section 120.00, assault in the third degree requires the use of a deadly weapon or dangerous instrument, so it is not a lesser included offense of assault in the first degree, as charged in the second count of the indictment. Subdivisions 1 and 2 of section 120.00 both contain the element of

physical injury only, while the crime of assault in the first degree, as charged in the indictment, requires the infliction of serious physical injury. As discussed above, there is no reasonable view of the evidence that would permit the victim's injury to be considered only physical injury, so the trial court did not err in refusing to charge assault in the third degree under subdivisions 1 and 2 of section 120.00. As to the reduced element of intent, defendant received the benefit of such a possibility under the charge of assault in the second degree that was erroneously submitted to the jury, requiring only that defendant act recklessly, and the jury convicted him of that charge. By submission of such lesser charge, defendant received the benefit of every favorable evidentiary inference to which he was entitled, the victim having sustained serious physical injury by means of a dangerous instrument under any reasonable view of the evidence.

Defendant, therefore, was properly convicted of assault in the first degree under subdivision 1 of section 120.10 and of assault in the second degree under subdivision 4 of section 120.05 as the result of one altercation involving the same victim. The only difference between these two crimes is that the former requires an "intent to cause serious physical injury" and the latter requires only that defendant acted "recklessly". A consideration of the elements contained in subdivision 1 of section 120.10 and the elements contained in subdivision 4 of section 120.05 leads to the conclusion that the latter is an inclusory concurrent count of the former, differing only in the element of intent. Where, as here, the verdict is comprised of inclusory concurrent counts, a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b]; *People v Grier*, 37 NY2d 847). Accordingly, defendant's conviction of assault in the second degree under subdivision 4 of section 120.05 should be dismissed, with the sentence imposed thereon vacated, and the judgment of conviction in all other respects affirmed.