■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FASANO, SR., Appellant. — Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: The jury convicted defendant of assault in the second degree (Penal Law, § 120.05, subd 2) as charged in the indictment. At trial, defendant requested that assault in the third degree, under subdivision 3 of section 120.00 of the Penal Law, be charged as a lesser included offense. The trial court erroneously denied the request, and we reverse.

The evidence demonstrated that defendant, piqued by his then-seven-year-old son's behavior, picked up the child by his arms and shoulders and pounded him feet first against the floor several times. As a result the child suffered a fracture of the left tibia.

The District Attorney concedes on appeal that it is theoretically impossible to commit assault in the second degree under subdivision 2 of section 120.05 of the Penal Law without at the same time committing assault in the third degree under subdivision 1 of section 120.00 of the Penal Law (see *People v Fugaro,* 96 AD2d 659; *People v Mena,* 70 AD2d 550) and subdivision 3 of that section (see *People v Green,* 56 NY2d 427, mot for rearg den 57 NY2d 775; *People v Stanfield,* 36 NY2d 467), and that, therefore, assault in the third degree is a lesser included offense (CPL 1.20, subd 37). It is argued, however, that there is no

reasonable view of the evidence that would support a finding that the defendant committed the lesser offense but did not commit the greater offense (see *People v Glover,* 57 NY2d 61). We disagree. On this record, the jury could reasonably have found that defendant was guilty of assault in the third degree under any one of the three subdivisions of section 120.00 of the Penal Law (see, e.g., *People v Hall,* 56 NY2d 547; *People v Mena, supra;* see, also, *People v Green, supra*).

We have reviewed the other issues raised by defendant on appeal and find them to be without merit. (Appeal from judgment of Onondaga County Court, Gorman, J. — assault, second degree.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.