THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Appellant.—

Defendant's sole argument on appeal is that the trial court's refusal to charge assault in the third degree as a lesser included offense of assault in the second degree deprived him of a fair trial. Since it is theoretically impossible to commit assault in the second degree under Penal Law § 120.05 (2) without at the same time committing assault in the third degree under Penal Law § 120.00 (1) *(see, People v Fasano,* 107 AD2d 1052), the defendant satisfied the first prong of the *Glover* test *(see, People v Glover,* 57 NY2d 61). However, since on this record there was no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offense, defendant failed to satisfy the second prong of the *Glover* test, and the trial court thus properly declined defendant's request to charge third degree assault as a lesser included offense of second degree assault. Defendant admitted stabbing or poking the victim with a knife. We find nothing in the record to controvert that the knife used by defendant in stabbing the victim was, under the circumstances in which it was used, a "dangerous instru-

ment". The medical proof established that the stab wound to the victim's lower left chest wall penetrated about three quarters of an inch. Exploratory surgery was conducted and although the victim did not suffer any internal injuries, this fortuitous happenstance does not negate the fact that the knife was nevertheless "readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—assault, second degree.) Present—Callahan, J. P., Boomer, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAVINA GARRETT, Appellant, v FREDERICK NETZEL, as Superintendent of Erie County Correctional Facility, et al., Respondents.— Present—Callahan, J. P., Boomer, Green, Pine and Lawton, JJ.