THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ALEXANDER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's primary contention on appeal is that the trial court erred in refusing to charge assault in the third degree (Penal Law § 120.00 [2]) as a lesser included offense of assault in the second degree (Penal Law § 120.05 [7]). Assault in the third degree (Penal Law § 120.00 [2]) can theoretically be a lesser included offense of assault in the second degree (Penal Law § 120.05 [7]; *see, People v Green,* 56 NY2d 427, 435, *rearg denied* 57 NY2d 775; *People v Collins,* 86 AD2d 616; *cf., People ex rel. Gray v Tekben,* 57 NY2d 651, 653). From our review of the record, however, there is no reasonable view of the evidence that would support a finding that defendant committed the lesser but not the greater offense. Defendant's request to charge was therefore properly refused *(see, People v Glover,* 57 NY2d 61, 63; *People v Johnson,* 158 AD2d 939).

Defendant also contends that prosecutorial misconduct on summation requires reversal. Since no objection was made to the alleged impropriety, this issue has not been preserved for our review (CPL 470.05 [2]). (Appeal from judgment of Livingston County Court, Houston, J.—assault, second degree.) Present—Doerr, J. P., Boomer, Lawton, Davis and Lowery, JJ.