■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GAROFALO, Appellant. [596 NYS2d 121] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered September 5, 1991, convicting him of assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by dismissing the conviction for assault in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the defendant *(see, People v Padgett,* 60 NY2d 142), we find that there is no reasonable view thereof which would support a finding that the defendant struck the complainant in self defense *(see, People v Watts,* 57 NY2d 299, 301). Accordingly, the court properly refused to instruct the jury on the defense of justification.

The court committed error in failing to dismiss the defendant's conviction for assault in the third degree (Penal Law § 120.00 [1]). Under CPL 300.40 (3) (b), "[w]here the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count" *(People v Grier,* 37 NY2d 847, 848). Moreover, a conviction on the lesser count must be dismissed although the defendant did not request that the inclusory count be charged in the alternative *(see, People v Lee,* 39 NY2d 388, 390; *see also, People v Robinson,* 166 AD2d 543; *People v Johnson,* 158 AD2d 939).

The defendant was properly denied youthful offender treatment *(see, People v Cruickshank,* 105 AD2d 325, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625).

The defendant's contention that the court erred in fixing the amount of restitution without a hearing is unpreserved for appellate review *(see, People v Callahan,* 80 NY2d 273; *People v Proctor,* 79 NY2d 992), and we decline to review this claim in the exercise of our interest of justice jurisdiction.

To the extent that the defendant's remaining contentions are preserved for appellate review, they are without merit

*(see, People v Udzinski,* 146 AD2d 245, 252). Thompson, J. P., Bracken, Eiber and Pizzuto, JJ., concur.