■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE GARCIA, Appellant. [599 NYS2d 669] —Levine, J. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered April 1, 1991, upon a verdict con-

victing defendant of the crimes of criminal possession of a weapon in the third degree and assault in the third degree.

Defendant was convicted upon a jury verdict of assault in the third degree and criminal possession of a weapon in the third degree stemming from his conduct in the early morning hours of August 26, 1990 in causing lacerations to the throat and arm of Douglas Virgil by striking him with a large broken beer glass. The incident occurred in an apartment at the Olcott Hotel in the City of Oneida, Madison County, and was witnessed by Alan Rossi (the tenant), John Francis and Matthew Francis. The testimony showed that all those present except Matthew Francis had been drinking beer and that while the group was socializing, defendant and Virgil collided and a confrontation between them ensued with punches exchanged until Rossi broke up the fight and defendant left at Rossi's request. Defendant returned within minutes carrying a large beer glass, broke the glass against a doorframe and swiped at Virgil with the broken edge of the glass, ultimately cutting Virgil's throat and arm. The two wrestled to the floor and defendant thereafter departed.

Defendant was acquitted of assault in the second degree (Penal Law § 120.05 [2] [intentional assault]) and the lesser included offense of assault in the third degree (Penal Law § 120.00 [1]), but convicted of assault in the third degree (Penal Law § 120.00 [2] [reckless assault]), which was also submitted as a lesser included offense, and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]).

Defendant's first point on appeal is that his conviction for criminal possession of a weapon in the third degree was repugnant to his acquittal on the two intentional assault counts submitted to the jury. We disagree. As to the assault counts on which defendant was acquitted (Penal Law § 120.05 [2]; § 120.00 [1]), the jury was properly charged that the mental element of both crimes is an intent to cause physical injury. The jury was likewise correctly instructed that the mental element of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) is "intent to use [the weapon] unlawfully against another". There is no inconsistency between the acquittals on the intentional assault charges and the conviction for weapons possession, because one can intend to use a weapon unlawfully against another, e.g., to commit the crime of menacing (Penal Law § 120.15), without necessarily intending to inflict physical injury on that person. Thus, the counts on which defendant was acquitted

did not share a common element with the count on which he was convicted, and there is no inherent inconsistency in the verdicts (see, People v Tucker, 55 NY2d 1, 4, 6-7; see also, People v Goodfriend, 64 NY2d 695, 697; People v Richardson, 180 AD2d 902).

Defendant additionally contends that the jury's verdict was against the weight of the evidence and not supported by legally sufficient evidence. Viewing the evidence in a light most favorable to the People (see, People v Allah, 71 NY2d 830; People v Bleakley, 69 NY2d 490, 495), and weighing the relative probative force of the testimony and giving deference to the jury's verdict (see, People v Bleakley, supra), we conclude that the People met their burden of proving defendant's guilt beyond a reasonable doubt and the verdict was not against the weight of the evidence. All of the eyewitnesses testified that defendant was the aggressor and used the broken glass to cut Virgil. Although some of the witnesses may have been under the influence of alcohol, the jury was aware of this and it was within the jury's province to credit their testimony (see, People v Bleakley, supra; People v Gaddy, 191 AD2d 735; People v Barnhill, 188 AD2d 884). According the jury's credibility determinations the deference to which they are entitled, we conclude that there is no basis on which to disturb the jury's finding of guilt.

Further, there is no merit to defendant's contention that he was deprived of effective assistance of counsel. A review of the record as a whole reveals that defense counsel engaged in appropriate pretrial motion practice, effectively cross-examined the People's witnesses, presented a plausible defense of self-defense, obtained an acquittal on the most serious charge (see, People v Benyon, 158 AD2d 609) and otherwise provided meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147). Defendant's claim that he was prejudiced by his attorney's failure to move for postverdict relief under CPL 440.10, on the ground that the prosecutor pressured the jury into reaching its verdict, is without merit because when defendant raised the issue prior to sentencing he did not allege or demonstrate any reasonable basis for such motion or that the claim was based on matters outside the record for which direct appellate review would not be available (see, CPL 440.10 [1] [h]; [2] [b]).

We have reviewed defendant's remaining contentions, including his claim that the sentence imposed was harsh and excessive, and conclude that they are without merit.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.