Augustin CABAN, Petitioner,

v.

Robert MITCHELL, Superintendent,
Eastern New York Correctional
Facility, Respondent.

No. 93 Civ. 6328 (JES).

United States District Court,
S.D. New York.

Aug. 25, 1995.

Monica R. Jacobson, Assistant Attorney General, New York City, for respondent.

Augustin Caban, Woodbourne, NY, pro se.

## ORDER

SPRIZZO, District Judge.

The above-captioned petition for a writ of habeas corpus having come before the Court, and the Court having referred the Petition to United States Magistrate Judge Theodore H. Katz for a report and recommendation, and the Magistrate Judge having issued a report recommending that the Petition be dismissed, and the petitioner filed an objection to the Magistrate Judge's recommendation dated July 9, 1995, and the Court having considered the Magistrate Judge's recommendation, and the Court having conducted a *de novo* determination of those portions of the report to which petitioner objected in accordance with Rule 8(b)(4) of the Rules Governing § 2254 Cases, and the Court found that petitioner's petition and objection fail to establish petitioner's burden on the merits, it is

**ORDERED** that the report of the Magistrate Judge is adopted in its entirety, and it is further

**ORDERED** that the above-captioned Petition for a writ of habeas corpus is dismissed, and it is further

**ORDERED** that the Clerk of the Court shall close the above-captioned action.

## REPORT AND RECOMMENDATION

THEODORE H. KATZ, United States Magistrate Judge.

This habeas corpus action was referred to me, pursuant to your Order of Reference, for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 4 of the Southern District of New York Rules for Proceedings Before Magistrate Judges. For the reasons that follow, I recommend that the petition for a writ of habeas corpus be denied and the action be dismissed.

## BACKGROUND

Petitioner Augustin Caban was indicted in New York County in connection with an incident in which Lolita Hart was shot in the left leg and right knee during a dispute with Petitioner. Count One of the indictment charged Petitioner with assault in the first degree (N.Y.Penal Law § 120.10(1) (McKinney, 1987)), and Count Two charged Petitioner with assault in the second degree (N.Y.Penal Law § 120.05(4)).[1] On August 8, 1989, after a jury trial in the Supreme Court for New York County, Caban was convicted of assault in the second degree (N.Y.Penal Law § 120.05(2)), as a lesser included offense under Count One of the indictment. He was also convicted of reckless endangerment in the second degree (N.Y.Penal Law § 120.20), as a lesser included offense under Count Three, and criminal possession of a weapon in the second degree (N.Y.Penal Law § 265.03) under Count Four. (Trial Transcript ["Tr."] at 331.) Pursuant to the court's instructions (Tr. at 328–329), the jury did not consider the charge in Count Two, since it found Petitioner guilty under the first count. Caban was subsequently sentenced to concurrent terms of imprisonment of three and one-half to seven years for assault in the second degree, one year for reckless endangerment in the second degree and six to twelve years for criminal possession of a weapon in the second degree. *See People v. Caban,* 181 A.D.2d 536, 581 N.Y.S.2d 42 (1st Dept.1992).

In an appeal to the Appellate Division, First Department, Caban argued that: (1) the trial court erred in not including a jury instruction on assault in the third degree (N.Y.Penal Law § 120.00(2)) as a lesser included offense under Count Two of the indictment; (2) the prosecutor's summation was improper because he repeatedly denigrated the defense and stated that the evidence was overwhelming; and, (3) the sentence of six to twelve years for criminal possession of a weapon was excessive. (Brief for Defendant–Appellant, undated, ["Pet. App.Br."], at 5–13.) The Appellate Division affirmed Caban's conviction on March 17, 1992, holding that no reasonable view of the evidence could have supported a lesser included offense instruction of assault in the third degree.[2] *See Caban,* 181 A.D.2d at 536, 581 N.Y.S.2d at 42. Appellate counsel sought leave to appeal to the New York Court of Appeals on grounds of failure to charge a lesser included offense. Leave to appeal was denied on May 15, 1992. *See People v. Caban,* 79 N.Y.2d 1047, 596 N.E.2d 412, 584 N.Y.S.2d 1014 (1992). Caban subsequently filed this *pro se* petition for a writ of habeas corpus. He contends that the failure to instruct the jury on assault in the third degree as a lesser included offense to assault in the second degree, under Count Two, denied him his right to due process, in violation of the Fourteenth Amendment. (Petition, dated July 19, 1993 ["Pet."], at 5.) Respondent argues that the petition does not present a federal claim subject to habeas review and, in any event, a lesser included offense instruction was unnecessary since the evidence did not reasonably support a charge of assault in the third degree. (Respondent's Memorandum of Law, dated January, 1992

---

1. Count Three charged Petitioner with reckless endangerment in the first degree (N.Y.Penal Law § 120.25). Count Four charged criminal possession of a weapon in the second degree (N.Y.Penal Law § 265.03), and Count Five charged criminal possession of a weapon in the third degree (N.Y.Penal Law § 265.02(4)). (Tr. at 272–283.) These charges are not at issue in this petition.

2. The court found Petitioner's other claims "unpreserved for appellate review as a matter of law ... and meritless." *Caban,* 181 A.D.2d at 536, 581 N.Y.S.2d at 42–43.

["Resp.Memo"], at 2–5.) It is undisputed that Petitioner's claim is exhausted.

### Evidence at Trial

At trial, the state presented testimony from the victim, Lolita Hart, an eyewitness to the shooting, Robin Ervin, as well as the two police officers, Fagan and Reilly, from whom Ms. Hart sought help after the shooting. The defense presented no witnesses. On December 29, 1988, Ms. Hart appeared at Petitioner's apartment at about 1:00 a.m. (Hart: Tr. at 83–84; Ervin: Tr. at 107.)[3] An argument ensued when the Petitioner accused Ms. Hart, who had a prior history of stealing from the Petitioner (Hart: Tr. at 107), of stealing a radio. (Hart: Tr. at 84–85.) Eventually the Petitioner pulled out a revolver and pointed it towards the floor. (Hart: Tr. at 87–88.) While Petitioner was standing about five to six feet from Hart (Ervin: Tr. at 129), Petitioner shot her. (Hart: Tr. at 89.) Robin Ervin, Petitioner's girl-friend, testified: ". . . He came out of the room. He was telling—I was telling, 'Lolita, go, Lolita. He got a gun; he got a gun,' and Lolita just still standing there telling him give her the book; give her the book. He just shot her, shot her in the leg." (Ervin: Tr. at 126–127.) The bullet went through Ms. Hart's left leg and into her right knee. (Hart: Tr. at 86, 89; Ervin: Tr. at 127.)

After being shot, Ms. Hart hopped downstairs. (Hart: Tr. at 89–90.) While she was trying to call 911, she noticed a police car, which she then flagged down. (Hart: Tr. at 90.) Police Officer Fagan, one of the officers in the car, testified that he saw a gunshot wound in Hart's lower left leg. (Fagan: Tr. at 212.) When asked who had shot her, Ms. Hart indicated that it was "Pop," a name that Ms. Hart used to refer to Petitioner. (Hart: Tr. at 93; Reilly: Tr. at 46; Fagan: at 213.) The victim was taken to Harlem Hospital in an ambulance and remained there for three days. (Hart: Tr. at 94.) The victim's right leg was placed in a cast for seven weeks. (Hart: Tr. at 95–96.) At the time of the trial, the bullet was still lodged in her knee. *Id.* The victim had scars on her left leg where the bullet entered and exited, and on her right knee where the bullet entered. (Hart: Tr. at 95.)

### Charge to the Jury

Initially, the trial judge instructed the jury on assault in the first degree (N.Y.Penal Law § 120.10(1))[4] under Count One and assault in the second degree (N.Y.Penal Law § 120.05(4))[5] under Count Two. (Tr. at 266–273.) After the jury was charged but before it began deliberations, Petitioner's attorney asked the court "to charge all the way down on the assault counts and on the reckless endangerment counts," because "the evidence supports it to charge down all the way." (Tr. at 287.) Defense counsel based his request for charges on intentional assault in the third degree (N.Y.Penal Law § 120.00(1))[6] and reckless assault in the third degree (N.Y.Penal Law § 120.00(2)),[7] apparently on the assumption that the use of a weapon was of no significance.[8] (Tr. at

---

3. Each name in transcript citations refers to the testimony of a particular witness.

4. Section 120.10(1) of the New York Penal Law states that a person is guilty of assault in the first degree when: "With intent to cause serious injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."

5. Section 120.05(4) states that a person is guilty of assault in the second degree when: "He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument."

6. Section 120.00(1) states that a person is guilty of assault in the third degree when: "With intent to cause physical injury to another person, he causes such injury to such person or to a third person."

7. Section 120.00(2) states that a person is guilty of assault in the third degree when: "He recklessly causes physical injury to another person."

8. At no point during the trial or in the appellate brief did the defense argue specifically for a charge of third degree assault under § 120.00(3) ("with criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument"). The court assumed that the defense was arguing for a third degree assault charge based on §§ 120.00(1) and 120.00(2), and the defense counsel did not indicate otherwise. I, therefore, also proceed on the assumption that Petitioner claims error on the failure to charge under §§ 120.00(1) and 120.00(2).

290.) He also posited a theory that someone other than Petitioner fired the gun. (Tr. at 295.)

The court agreed to include assault in the second degree (N.Y.Penal Law § 120.05(2)) [9] (intentionally causing physical injury rather than *serious* physical injury, by means of a weapon), as a lesser included offense under Count One. (Tr. at 294.) However, the court declined to charge down to third degree assault on either count. (Tr. at 289, 294–296.) The court concluded that there was no reasonable view of the evidence that would allow a jury to find that Petitioner acted without a weapon.[10] *Id.* Subsequently, the judge recharged the jury with a charge of second degree assault as a lesser included offense under Count One, and instructed it not to consider Count Two (recklessly causing serious injury with a weapon) unless it acquitted Petitioner of intentional conduct under Count One. (Tr. at 328–329.)

## DISCUSSION

Petitioner claims that he was deprived of a fair trial, in violation of the Due Process Clause of the Fourteenth Amendment, by the trial court's failure to charge assault in the third degree as a lesser included offense to assault in the second degree. (Pet. at 5.)

As an initial matter, there is some question as to whether this issue presents a federal claim. While the Supreme Court has held that the failure to charge a lesser included offense in capital cases, where the evidence warrants such a charge, raises a constitutional issue that may be considered on federal habeas review, *see Beck v. Alabama,* 447 U.S. 625, 627, 100 S.Ct. 2382, 2384, 65 L.Ed.2d 392 (1980), it has expressly reserved the question of whether due process requires a lesser included offense instruction in the non-capital context. *Id.* 447 U.S. at 638 n. 14, 100 S.Ct. at 2390 n. 14; *see also Knapp v. Leonardo,* 46 F.3d 170, 179 (2d Cir.1995); *Rice v. Hoke,* 846 F.2d 160, 164 (2d Cir.1988).

Similarly, the Second Circuit has not yet decided the issue.[11] *Knapp,* 46 F.3d at 179 (issue was unnecessary to resolve, since the evidence did not warrant an instruction on lesser included offense); *Campaneria v. Reid,* 891 F.2d 1014, 1022 (2d Cir.1989), *cert. denied,* 499 U.S. 949, 111 S.Ct. 1419, 113 L.Ed.2d 471 (1991) (same); *Rice,* 846 F.2d at 166 (same); *Harris v. Scully,* 779 F.2d 875, 880–81 (2d Cir.1985) (same). There is a split in other circuits that have addressed the issue. Several circuits have held that a due process violation occurs when the failure to give a lesser included offense charge, in violation of state law, constitutes an error of such a magnitude so as to result in "a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure...." *Bagby v. Sowders,* 894 F.2d 792, 797 (6th Cir.) (en banc), *cert. denied,* 496 U.S. 929, 110 S.Ct. 2626, 110 L.Ed.2d 646 (1990); *see also Tata v. Carver,* 917 F.2d 670, 671 (1st Cir.1990); *Wilson v. McCaughtry,* 994

**9.** Section 120.05(2) states that a person is guilty of assault in the second degree when: "With intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."

**10.** THE COURT: I'm saying ... [the incident] ... got to be with a weapon. There's no other physical hitting or anything. I mean, do you agree? I'll charge it [assault in the third degree] if you can give me a view of the evidence—it's just—assault in the third degree is with intent to cause physical injury, he causes injury to such person or a third person with no mention of a weapon. (Tr. at 289.)
I don't see a view of the evidence of that. I mean, the whole thing here is that he shot her. I just don't see it without a gun. It's either a gun or its nothing. (Tr. at 294–295.)

**11.** Although the Second Circuit has not resolved this issue, there have been decisions in this Court

suggesting that, in certain instances, the failure to include a lesser offense instruction may be subject to habeas review. *See, e.g., Gonzalez v. Herbert,* No. 91 Civ. 1709 (CSH) 1994 WL 259828, *3 (S.D.N.Y. June 7, 1994) (in denying habeas relief for claim of failure to include lesser offense instruction, the court stated, "[f]or a jury instruction to reach the level of a violation of a constitutional right the error must so offend established notions of due process so as to deprive the defendant of a fair trial under the Constitution."); *Walker v. Jones,* No. 8 Civ. 5301 (JFK), 1988 WL 34823, *1 (S.D.N.Y. April 1, 1988) (in discussion regarding habeas claim that state court improperly refused lesser included offense instruction, court referred to Supreme Court requirement that there be a "fundamental defect" in state proceedings resulting in a "complete miscarriage of justice" before habeas relief can be granted).

F.2d 1228, 1238 (7th Cir.1993); *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir.1990), *cert. denied*, 501 U.S. 1253, 111 S.Ct. 2896, 115 L.Ed.2d 1060 (1991). Other circuits have held that the absence of a lesser included offense instruction never raises a constitutional issue allowing for habeas review in non-capital cases. *See Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir.1988); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir.1988); *James v. Reese*, 546 F.2d 325, 327 (9th Cir. 1976); *Perry v. Smith*, 810 F.2d 1078, 1080 (11th Cir.1987).

In my view, it is unnecessary to resolve this question since, as a matter of state law, the evidence in this case did not warrant a charge of assault in the third degree. *See, e.g., Rice*, 846 F.2d at 165–66 (where the jury charge did not warrant a lesser included instruction, under the standard established by New York State statutory and decisional law, Second Circuit affirmed dismissal of petitioner's habeas claim); *Rosado v. Kelly*, No. 88 Civ. 1759 (RWS), 1988 WL 80226, *1 (S.D.N.Y. July 27, 1988) ("[T]he Second Circuit recently held that a refusal to give a lesser included offense instruction does not rise to the level of constitutional error where the refusal was correct as a matter of state law.").

■ Under New York law, the court must submit any lesser included offense to the jury if it is requested by either party to do so, and "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." N.Y.Crim. Proc.Law § 300.50. A defendant seeking a lesser included offense charge must demonstrate that (1) "it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense," and (2) "there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater." *People v. Glover*, 57 N.Y.2d 61, 63, 439 N.E.2d 376, 377, 453 N.Y.S.2d 660, 661 (1982) (per curiam).

In determining whether to charge a jury on a lesser included offense, the evidence must be viewed in a light most favorable to the defendant. *People v. Martin*, 59 N.Y.2d 704, 705, 450 N.E.2d 225, 226, 463 N.Y.S.2d 419, 420 (1983); *People v. Henderson*, 41 N.Y.2d 233, 236, 359 N.E.2d 1357, 1360, 391 N.Y.S.2d 563, 566 (1976). The court is not permitted to weigh the evidence in arriving at its determination. *See Henderson*, 41 N.Y.2d at 236, 359 N.E.2d at 1360, 391 N.Y.S.2d at 566 ("The court's appraisal of the persuasiveness of the evidence indicating guilt of the higher count is irrelevant.").

■ At the same time, however, "the jury should not be permitted to choose between the crime charged and some lesser crime where the evidence essential to support a verdict of guilt of the lesser necessarily proves guilt of the greater crime as well. . . ." *People v. Discala*, 45 N.Y.2d 38, 43, 379 N.E.2d 187, 191, 407 N.Y.S.2d 660, 664 (1978). Nor is the court required to issue a lesser included offense charge in "every case in which any distillate of the total proof, however artificial or irrational, would support a conviction of the lesser but not the greater crime. . . ." *People v. Scarborough*, 49 N.Y.2d 364, 373, 402 N.E.2d 1127, 1132, 426 N.Y.S.2d 224, 229 (1980); *see also People v. Mongen*, 157 A.D.2d 82, 84–85, 555 N.Y.S.2d 260, 261 (1st Dept.) (lesser offense charge properly rejected as not supported by the evidence in the record, since the jury would have been required to engage in speculation to convict defendant of the lesser charge), *appeal dismissed*, 76 N.Y.2d 1015, 566 N.E.2d 1169, 565 N.Y.S.2d 764 (1990). The standard, therefore, is not whether there is "any view" of the evidence to support a conviction on the lesser offense, but rather, whether there is a "reasonable view" to warrant such an instruction. *Scarborough*, 49 N.Y.2d at 373, 402 N.E.2d at 1132, 426 N.Y.S.2d at 230. Moreover, as a matter of federal law, a state court's determination of whether a lesser included offense instruction is warranted by the evidence is entitled to a presumption of correctness. *See Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 770–71, 66 L.Ed.2d 722 (1981); *Knapp*, 46 F.3d at 175; *Rosado*, 1988 WL 80226 at *2; *see also* 28 U.S.C. § 2254(d).

■ Assault in the third degree can theoretically be a lesser included offense of assault in the second degree. *People v. Fugaro*, 96 A.D.2d 659, 466 N.Y.S.2d 522, 523 (3d Dept.1983) (§ 120.00(1), which requires intent to cause physical injury without a weapon, is a lesser included charge of § 120.05(1), which requires intent to cause serious physical injury without a weapon); *People v. Alexander*, 163 A.D.2d 879, 558 N.Y.S.2d 405, 406 (4th Dept.1990) (assault in the third degree (N.Y.Penal Law § 120.00(2)) can theoretically be a lesser included offense of assault in the second degree (N.Y.Penal Law § 120.05(7))); *Cf. People v. Van Norstrand*, 85 N.Y.2d 131, 136, 623 N.Y.S.2d 767, 770 (1995) (assault in the third degree is a lesser included offense of assault in the first degree). However, relying on state law, the Appellate Division ruled in this case that the trial court "properly refused to charge assault in the third degree as a lesser included offense as there was no reasonable view of the evidence that would support a finding that defendant committed the lesser, but not the greater offense." *Caban*, 181 A.D.2d at 536, 581 N.Y.S.2d at 42.

The Appellate Division's decision, which affirmed the trial court's view that where the evidence will only allow a conclusion that a weapon was used, third degree assault is an inappropriate charge, is in accord with the most recent decision by the New York Court of Appeals on the issue. *See People v. Galvin*, 65 N.Y.2d 761, 481 N.E.2d 565, 492 N.Y.S.2d 25 (1985). In *Galvin*, the court found that "it was not error for the trial court to refuse to charge assault in the third degree [§ 120.00(2) ]," where the evidence demonstrated the defendant used a sidewalk as a dangerous instrument. *Galvin*, 65 N.Y.2d at 762–63, 481 N.E.2d at 566, 492 N.Y.S.2d at 26. *See also People v. Johnson*, 158 A.D.2d 939, 551 N.Y.S.2d 102, 102–03 (4th Dept.) (charge of third degree assault as a lesser included offense was properly denied

to a defendant who "poked" a victim with a knife), *appeal denied*, 75 N.Y.2d 967, 555 N.E.2d 624, 556 N.Y.S.2d 252 (1990); *People v. Hubbard*, 48 A.D.2d 941, 942, 369 N.Y.S.2d 34, 35–36 (3d Dept.1975) (court upheld conviction of assault in the second degree under § 120.05(2), since no reasonable view of the evidence would allow a finding that assault was not carried out by means of a deadly weapon. Thus, defendant could not have committed an assault in the third degree without committing an assault in either first or second degree); *Cf. People v. Pezzella*, 103 A.D.2d 851, 851–52, 478 N.Y.S.2d 76, 77 (2d Dept.1984) (trial court should have instructed the jury on the lesser included offense of assault in the third degree, where the jury could have reasonably found that neither one of the defendants inflicted cuts by a sharp instrument but only kicked and punched the victim); *People v. Richards*, 67 A.D.2d 893, 894, 413 N.Y.S.2d 698, 699 (1st Dept.1979) (trial court improperly refused to submit a third degree assault charge, since the jury might reject a theory that a tray, used by the defendant, was a dangerous instrument). *Compare People v. Garcia*, 194 A.D.2d 1011, 1013, 599 N.Y.S.2d 669, 671 (3d Dept.) (court upheld a conviction of reckless assault in the third degree, as a lesser included offense, in case where evidence established that defendant used a broken beer glass to cut the victim), *appeal denied*, 82 N.Y.2d 895, 632 N.E.2d 472, 610 N.Y.S.2d 162 (1993); *People v. Hall*, 175 A.D.2d 879, 573 N.Y.S.2d 726, 727 (2d Dept.1991) (court upheld a conviction for assault in the third degree in a case where defendant used a fillet knife to stab the complainant twice in the face), *appeal denied*, 79 N.Y.2d 858, 588 N.E.2d 764, 580 N.Y.S.2d 729 (1992).[12]

In the present action, no reasonable view of the evidence would have allowed the jury to conclude that the victim's injuries resulted from a weaponless assault.[13] Both the victim

**12.** The Court notes that *Garcia* and *Hall* are not necessarily inconsistent with *Galvin*, since in *Galvin* the New York Court of Appeals held that it was not error to refuse a charge of assault in the third degree when the assault was committed with a dangerous instrument. That does not preclude upholding a conviction for assault in

the third degree when a weapon was used, as was the case in *Garcia* and *Hall*.

**13.** Petitioner fails to recognize this obstacle to a charge of third degree assault. He claims that the jury should have been permitted to reach a conclusion that Petitioner recklessly caused physical injury, under § 120.00(2), as opposed to

and the eyewitness to the incident testified that Petitioner, standing five to six feet from the victim, possessed a revolver, and that he fired it. (Hart: Tr. at 86, 89; Ervin: Tr. at 126–127, 129.) The evidence established that a bullet passed through the victim's left leg and lodged in her right knee. (Hart: Tr. at 86, 89; Ervin: at 127.) Police Officer Fagan testified that he saw a gunshot wound in Ms. Hart's lower left leg when he approached her in the street about five minutes after the incident. (Fagan: Tr. at 210, 212; Reilly: Tr. at 46.) At the time of the trial, the bullet was still lodged in the victim's right knee (Hart: Tr. at 94), and she had scars on her left leg where the bullet entered and exited, and on her right knee where the bullet entered. (Hart: Tr. at 94.) This case can easily be distinguished from those in which the evidence warranted a lesser included offense instruction of assault in the third degree because uncertainty existed as to whether the defendant actually used a weapon or a dangerous instrument. *See, e.g., Pezzella,* 103 A.D.2d at 851–52, 478 N.Y.S.2d at 77 (trial court should have allowed instructions as to assault in the third degree, where the jury could have reasonably found that neither one of the defendants inflicted cuts by a sharp instrument, but only kicked and punched the victim); *Richards,* 67 A.D.2d at 894, 413 N.Y.S.2d at 699 (jury might find that a tray was not a dangerous instrument). In this case, the victim's bullet wounds conclusively establish that a weapon was used.

Nor did defense counsel present a theory of the case that would have allowed a jury to reasonably conclude that Petitioner committed a weaponless assault. Indeed, defense counsel merely attacked the credibility of the prosecution witnesses in general terms and raised questions about potential biases. (Tr. at 96–113, 156–157, 160, 224–229.) He also suggested an alternative theory to the court as he argued for the lesser included charge, that an unidentified third party shot the victim. (Tr. at 295.) The defense theory did not give the jury any alternative of finding that Petitioner committed a weaponless

crime—either Petitioner shot Hart using a weapon or an unidentified person committed the crime. *Cf. Rosado,* 1988 WL 80226, at *2 (in a case where witnesses testified that defendant committed a robbery with a knife and defendant denied being involved in a robbery, the court held that there was no reasonable view of the evidence that a jury could believe that a robbery took place, but it was not committed with a knife). Thus, no reasonable view of the evidence could support a conclusion that the incident occurred without a weapon.

In conclusion, since there can be no question that Petitioner used a weapon, consistent with *Galvin,* the trial court in this case did not err in denying a charge of assault in the third degree as a lesser included offense to assault in the second degree. Since the trial court did not err as a matter of state law, the petition presents no federal claim that could warrant habeas relief.

## CONCLUSION

For the above reasons, I respectfully recommend that the petition for writ of habeas corpus be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6(a) and 6(e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable John E. Sprizzo, United States District Judge, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Sprizzo. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989).

---

serious physical injury, under § 120.05(4). *See* Pet., Statement of Facts at 2. However, this argument is beside the point because, as a matter of state law, the court was not required to give a

charge of third degree assault since there was no reasonable view of the evidence that would support a conclusion that the assault took place without a weapon. *See* discussion, *infra.*

Dated: June 15, 1995

DATED: New York, New York