■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STONEY STONE, Appellant. [700 NYS2d 705] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered December 23, 1997, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of $3^{1/2}$ to 7 years, unanimously affirmed.

The court's instructions to the jury provided appropriate guidance as to what constitutes possession of a weapon with intent to use unlawfully. The People presented ample evidence from which the jury could determine that defendant menaced or harassed the complainant (*see*, *People v Garcia*, 194 AD2d 1011, 1012, *lv denied* 82 NY2d 895).

Viewed in context of the evidence and the entire charge, the court's instructions as to evaluating the credibility of witnesses were appropriate. Defendant's challenge to the court's instructions concerning reasonable doubt is not preserved and we decline to review it in the interest of justice. Were we to review it, we would find that the court's reasonable doubt instructions, read as a whole, conveyed the proper standard (*see*, *People v Cubino*, 88 NY2d 998).

Defendant failed to preserve (*see*, *People v George*, 67 NY2d 817) his claim that the court unduly restricted his cross-examination of the complainant as to her pending case and its effect on her testimony, and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant was given sufficient scope to develop this issue and

the court properly exercised its discretion in limiting cross-examination.

The court's *Sandoval* ruling was a proper exercise of discretion. In light of defendant's extensive criminal record, the court struck an appropriate balance between the probative value of defendant's prior convictions and the risk of prejudice to him by permitting inquiry into two felony convictions without inquiry into the underlying facts, 10 unspecified misdemeanor convictions and defendant's use of aliases. The court permitted inquiry into the circumstances of one of the felony convictions only after defendant opened the door to such questioning and the People provided a good faith basis for the inquiry. Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.