■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PRICE, Appellant. — Appeal from a judgment of the County Court of Ulster County

(Vogt, J.), rendered May 14, 1982, upon a verdict convicting defendant of the crimes of assault in the second degree and petit larceny. On May 23, 1981, the Sons of Italy sponsored a carnival in the City of Kingston. Robert Pittman and Rose Pittman were concessionaires there. At about 2:00 P.M., Robert Pittman and Josephine Navarra, the carnival's organizer, saw defendant and his friend, Ben Johnson, steal a stuffed animal from one of Pittman's unattended booths. When Navarra and Pittman approached, a fight ensued between Pittman and defendant. When it appeared that defendant was gaining the advantage, Rose Pittman attempted to pull him off her husband. Defendant thereupon picked up a two-by-four board that was lying on the ground nearby and struck Rose on the head, causing a laceration that required 13 stitches to close. Defendant was indicted on July 8, 1981 and charged with the crimes of assault in the second degree and petit larceny. The first count charged specifically that defendant, with intent to cause physical injury to Rose Pittman, caused such injury to her by means of a dangerous instrument, to wit, a piece of wood (Penal Law, § 120.05, subd 2). The second count charged the theft of the stuffed animal from Robert Pittman. Defendant was arraigned on this indictment on July 15, 1981, at which time the prosecution indicated that it was ready for trial and served defendant with a bill of particulars, which also indicated its readiness. When the case was called for trial on February 22, 1982, the prosecution requested a continuance to locate Rose Pittman, who had left the State without advising the prosecution as she had been requested to do. Defendant moved to dismiss the indictment, claiming he was denied his statutory right to a speedy trial. After a hearing, defendant's motion was denied and trial commenced on April 13, 1982. At trial, in addition to the charges contained in the indictment, the trial court charged third degree intentional assault (Penal Law, § 120.00, subd 1) as a lesser included offense of assault in the second degree, but denied defendant's request to charge criminally negligent assault (Penal Law, § 120.00, subd 3). Defendant was found guilty of assault in the second degree and petit larceny. One of defendant's arguments for reversal on this appeal is the failure of the trial court to charge third degree assault under subdivision 3 of section 120.00 of the Penal Law. The assault in the second degree for which defendant was indicted is defined in subdivision 2 of section 120.05 of the Penal Law, which states that a person is guilty of assault in the second degree when: "With intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument". The charge under subdivision 3 of section 120.00 that defendant requested provides that a person is guilty of assault in the third degree when: "With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument." Under the first tier of the two-tier test mandated by *People v Glover* (57 NY2d 61, 63), the crime of assault in the third degree, which defendant requested to be charged, is a lesser included offense of the charge of assault in the second degree contained in the indictment. The elements contained in the statutory definition of each crime are identical except for the culpable mental state required for each crime. This difference does not, however, foreclose giving a lesser included offense charge on impossibility grounds, since the lower forms of mental culpability are necessarily subsumed within the higher mental states (*People v Green,* 56 NY2d 427, 433). As to the reasonable view of the evidence, which is the second tier of the *Glover* test, there is no reasonable view of the manner in which defendant struck Rose Pittman with the two-by-four here that would require the trial court to submit assault in the third degree, as defined in subdivision 3 of section 120.00, to the jury. There is no evidence from which the jury could have concluded that defendant acted with criminal negligence as that term is defined in subdivision 4 of section 15.05 of the Penal

Law, as distinguished from the intent to cause physical injury required for the charge of assault in the second degree. We further find no merit to defendant's claim that he was denied his right to a speedy trial under CPL 30.30. By announcing their readiness for trial on the record at defendant's arraignment on July 15, 1981, and by serving defendant with a copy of a bill of particulars which also indicated their readiness to proceed to trial, the People satisfied the statutory requirements of CPL 30.30 (*People v Giordano,* 56 NY2d 524; *People v Cole,* 90 AD2d 27, 29). Although defendant did not raise the speedy trial issue under CPL 30.20, we point out that when the case was called for trial on February 22, 1982, the People requested a continuance because they had learned four days earlier that Rose Pittman was out of the State due to her employment with the carnival and had not communicated her whereabouts to the District Attorney as she had previously been requested to do by letter. Thereafter, the District Attorney exercised diligent efforts to locate Pittman through a South Carolina address she had left with the post office, and finally did locate her in Florida and had her returned to Ulster County in time for the speedy trial hearing on April 12, 1982. The unavailability of Pittman was properly considered an exceptional circumstance and should be excluded from any delay. The trial actually commenced within 10 months after the commencement of the action and, under these circumstances, that delay is not, in our opinion, unreasonable so as to deprive defendant of his right to a speedy trial under CPL 30.20. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.