■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAHLIL BERRY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 22, 1985, upon a verdict convicting defendant of the crime of assault in the second degree.

On September 20, 1984, defendant, an inmate at Elmira Correctional Facility in Chemung County, was indicted for,

*inter alia,* attempted murder in the second degree (Penal Law § 125.25 [1]; § 110.00) and assault in the second degree (Penal Law § 120.05 [2]). The charges emanated from an August 16, 1984 altercation in which Francisco Martinez, a porter at the facility, was stabbed. Ultimately, defendant was convicted on the assault charge after a jury trial.

On this appeal, defendant's sole contention is that the trial court erred in refusing to charge assault in the third degree under Penal Law § 120.00 (1) and (3) as a lesser included offense. This argument is unavailing. There is no question that third degree assault is a lesser included offense under the first prong of the test set forth in *People v Glover* (57 NY2d 61) *(see, People v Price,* 99 AD2d 878; *People v Fugaro,* 96 AD2d 659). The issue before us is whether any reasonable view of the evidence would require the submission of assault in the third degree to the jury. The elements of assault in the second degree as charged are (1) an intent to cause physical injury, (2) the causing of such injury, and (3) the use of a dangerous instrument (Penal Law § 120.05 [2]). Upon comparison, it is readily apparent that the only distinction between this charge and assault in the third degree (Penal Law § 120.00 [1]) is the use of a dangerous instrument. The People's case consisted primarily of the testimony of Martinez and a correction officer to the effect that defendant used a sharp metal object to strike Martinez, causing wounds to the scalp, forehead and shoulder area. Additionally, the facility's nurse opined that the wounds were caused by a sharp instrument, as depicted by the photographs received into evidence. Defendant acknowledged being involved in an altercation with Martinez, but denied ever having used a weapon during the incident. Defendant produced an inmate witness, Loren Wilder, who testified that it was another inmate who actually stabbed Martinez with a metal shank during the altercation.

In our view, there is no reasonable view of the evidence that the injuries complained of were caused by other than the use of a dangerous instrument. Defendant's assertion that the injuries may have resulted from striking Martinez with his fists is simply speculative *(see, People v Galvin,* 65 NY2d 761, *modfg* 104 AD2d 527). Moreover, this argument is contradicted by the testimony of defendant's own witness, Wilder, who confirmed that Martinez was stabbed, albeit by another individual. Consequently, we perceive no error in the trial court's refusal to submit assault in the third degree as defined in Penal Law § 120.00 (1) to the jury.

Defendant's further assertion that he was entitled to a

charge of assault under Penal Law § 120.00 (3) was not raised before the trial court and thus waived. In any event, there is no evidentiary basis from which the jury could determine that defendant acted with criminal negligence as that term is defined in Penal Law § 15.05 (4) (see, People v Knapp, 113 AD2d 154, 165; People v Price, supra, p 879). Indeed, defendant admitted that the fight with Martinez was prearranged, and that he was wearing a winter coat over a shield of magazines for purposes of protection.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.