■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN T. WINBUSH, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered December 19, 1988, upon a verdict convicting defendant of the crime of assault in the second degree.

On July 23, 1988, defendant stabbed Joseph Forte in the thigh following a heated dispute in the street that was witnessed by numerous individuals. As a result of this occurrence, defendant was charged with one count of assault in the second degree. Following a jury trial, defendant was convicted of the charged crime and sentenced as a predicate felon to a prison term of 3½ to 7 years. This appeal followed.

Upon review of the two issues raised by defendant on

appeal, we find that his conviction must be affirmed. Initially, we reject defendant's contention that County Court erred in refusing defendant's request for a missing witness charge with respect to two individuals (one of the victim's sisters and the boyfriend of another of his sisters). As revealed by the record, defendant patently failed in his initial burden of establishing to the court that the two proposed witnesses were knowledgeable about a material issue in the case and would be expected to testify favorably to the prosecution and adversely to him, such that they could be considered in the People's control *(see, People v Gonzalez,* 68 NY2d 424, 428; *People v Bessard,* 148 AD2d 49, *lv denied* 74 NY2d 845). Lacking the establishment of these threshold requirements by defendant, who offered no justification for his request at trial, County Court properly denied defendant's request for a missing witness charge.

County Court also acted properly in denying defendant's request for a jury charge on the lesser included offense of assault in the third degree. There is no question that assault in the third degree is a lesser included offense of assault in the second degree under the first prong of the two-part test set forth in *People v Glover* (57 NY2d 61; *see, People v Berry,* 123 AD2d 477, *lv denied* 69 NY2d 708). However, despite defendant's contentions otherwise, no reasonable view of the evidence was adduced at trial from which the jury could have concluded that defendant acted with criminal negligence (Penal Law § 15.05 [4]; § 120.00 [3]) as opposed to having acted with the intent to cause physical injury as is required for a charge of assault in the second degree (Penal Law § 120.05 [2]; *see, People v Price,* 99 AD2d 878). Even one of defendant's own witnesses described how defendant obtained a knife and "went after" Forte until he "chased him down" and used it. Under these circumstances we find no reversible error in County Court's charge.

Judgment affirmed. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.