■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered November 28, 1988, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in refusing to charge assault in the third degree (Penal Law § 120.00 [1]) as a lesser included offense of assault in the second degree (Penal Law § 120.05 [2]). We disagree. As the People concede, since it is theoretically impossible to commit assault in the second degree as charged without also committing assault in the third degree, the first part of the Glover test has been satisfied (see, People v Glover, 57 NY2d 61; see also, People v Green, 56 NY2d 427). However, there is no reasonable view of the evidence in this record which would support a finding that the defendant had committed the lesser crime but not the greater one. Thus, the second part of the Glover test has not been satisfied, and the defendant was, therefore, not entitled to a charge on assault in the third degree as a lesser included offense of assault in the second degree (see, People v Johnson, 158 AD2d 939; People v Berry, 123 AD2d 477; People v Greene, 111 AD2d 183).

We also disagree with the defendant's contention that the trial court erred in qualifying a Dr. Warner as an expert in the field of trauma. The question of whether a witness should be qualified as an expert is generally left to the discretion of the trial court, and the exercise of that discretion will generally not be disturbed in the absence of "a serious mistake, an

error of law, or an abuse of discretion" *(Hong v County of Nassau,* 139 AD2d 566; *see also, Meiselman v Crown Hgts. Hosp.,* 285 NY 389; *People v Zavaro,* 138 AD2d 430). The record supports the trial court's determination. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.