■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO GUZMAN, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered on or about December 20, 1988, convicting defendant after jury trial of criminal possession of a weapon in the third degree and sentencing him as a persistent felony offender to a term of imprisonment of 15-years-to-life, and order of the same court dated January 10, 1990, denying defendant's motion to set aside his conviction, unanimously affirmed.

Defendant's claims of insufficiency of the evidence and/or a verdict against the weight of the evidence are unsupported by the record. Evidence adduced at trial was that at least three

eyewitnesses observed an argument between defendant and the drug addict victim herein that occurred in the hallway of a Bronx County building known by the police as a drug-prone location late in the evening of November 4, 1986. Defendant demanded immediate payment from the victim for four vials of crack cocaine, and when the victim protested that he needed time to get the money, defendant pulled a pistol from his waistband and shot him in full view of several eyewitnesses, whose testimony at trial was essentially uncontroverted (see, People v Bleakley, 69 NY2d 490).

There is no merit to defendant's claim that the trial court erred in denying defense counsel's motion for a mistrial on the ground that the prosecutor improperly brought defendant's reputation into the case by indicating that defendant was arrested two weeks after the incident, through efforts of the investigating officer that included, inter alia, contact with "an agent of the state." The trial court appropriately ruled that the prosecutor's reference to an "agent of the state" was sufficiently broad and capable of many different meanings, so that no prejudice resulted to defendant to warrant granting a mistrial (see, e.g., People v Ortiz, 54 NY2d 288).

Likewise without merit are defendant's claims of Rosario rule violation and error by the trial court in permitting redaction of residential information regarding prospective witnesses from certain police reports. The record indicates that the prosecutor's application for redaction was granted upon his representations to the trial court that threats were made to one or more witnesses in the case if they were to testify and that in light of defendant's prior criminal record, including two previous homicide convictions, such threats should be given great consideration. In this connection, the trial court heard extensive argument by the prosecutor and defense counsel, and reviewed the relevant documents in detail, comparing them with the unredacted original documents. In such circumstances, the trial court did not abuse its discretion in granting the limited redaction of residential information regarding prospective witnesses for the People that were for the most part known to defendant (see, e.g., People v Rodriguez, 64 NY2d 738). Furthermore, such redaction did not in any manner prejudice defendant's right to obtain prior recorded statements of the People's prospective witnesses (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866).

In the circumstances of this case, the trial court properly overruled defense counsel's hearsay objection to the testimony

of a People's witness relating the argument between defendant and the victim that escalated within minutes to the shooting, as "evidence of the transaction" *(see, e.g., People v Chambers,* 125 AD2d 88, *appeal dismissed* 70 NY2d 694).

The trial court also properly denied defense counsel's application for a mistrial based upon an *in camera* proceeding held during the trial but in the absence of defendant and his counsel. The record indicates that the purpose of the proceeding, as to which defendant and his counsel were apprised by the court, was solely to make a record regarding the fact that an eyewitness to the incident (incarcerated at the time of trial) would testify for the People, in the presence of his attorney, without a grant of immunity based upon the prosecutor's representation that the District Attorney's office had no information that such witness was in any way culpable in connection with the instant case. As there is no showing that the *in camera* conference had any substantial effect upon defendant's opportunity to defend in this case, there is no merit to defendant's claim that he was denied his right to be present at a material stage of his trial *(see, People v Mullen,* 44 NY2d 1).

The record indicates that the trial court duly considered the circumstances of alleged threats to prospective prosecution witnesses, a fearful witness, and an application by the prosecutor for closure of the courtroom limited to four people with acknowledged connections to the defense, whom, the witness reported had intimidated him. Thus, there was no abuse of discretion by the trial court in ordering closure of the courtroom limited to the four people brought to the court's attention, and only for the duration of the testimony of that particular witness, on the ground that the People had presented a sufficiently overriding interest to defendant's right to a public trial, *i.e.,* the interest of the witness "to testify without interference, without fear," as communicated by the prosecutor on behalf of the witness *(see, Waller v Georgia,* 467 US 39).

Defendant's claim that he was unduly prejudiced by the prosecutor's re-direct examination of that same witness, who had testified on direct examination that he had witnessed the incident, but who had acknowledged on cross-examination that, months after, he gave to a defense investigator a statement exculpatory to defendant, is without merit in the circumstances. Initially, it is noted that defendant's claim that a *Sandoval* ruling violation occurred when the witness said he gave that statement to the investigator because he was afraid

of defendant who had killed the victim herein and had killed before, is not preserved for appellate review as a matter of law by appropriate and timely objection (CPL 470.05). In any event, there is no showing that the prosecutor deliberately attempted to violate the trial court's *Sandoval* ruling by questioning the witness as to the circumstances of his statement to the defense investigator. Rather, the prosecutor merely properly attempted to rehabilitate the witness after apparent recantation of his direct testimony that he saw defendant take a pistol out of his waistband and shoot the victim *(see, e.g., People v Buchalter,* 289 NY 181, *affd* 319 US 427).

We have reviewed all other claims of defendant and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Asch and Kassal, JJ.