■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP EARLY, Appellant.—Judgment, Supreme Court, New York County (Donald J. Mark, J.), rendered July 2, 1990, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and sentenced him as a predicate felony offender to two concurrent terms of 4½ to 9 years imprisonment, unanimously affirmed.

Defendant and the codefendant David Ward were arrested for selling crack cocaine to an undercover officer during the course of a buy and bust operation which was executed in the area of Bond Street and the Bowery. During cross examination, the undercover officer refused to reveal the exact location of the police van on the day in question upon the ground that it would jeopardize the safety of the officers with respect to ongoing undercover operations in that area. The trial court held an in camera discussion with the witness outside the presence of the defendant and his counsel, to determine whether the information should be withheld, and on appeal, the defendant claims that he was denied his constitutional right to cross examination by the trial court's refusal to compel the undercover officer to reveal the exact location of the van. However, a defendant's right to cross examination is not without bounds, and the question is whether the witness' refusal to answer the cross examiner's questions so distorts the fact finding process that the defendant has been deprived of a fair trial *(People v Chin*, 67 NY2d 22, 28). In this case, we need not decide whether the testimony sought should be categorized as either direct or collateral *(compare, People v Allen*, 50 NY2d 898, *affg* 67 AD2d 558, *with People v Schneider*, 36 NY2d 708, *revg on dissent at* 44 AD2d 845) finding, as we do, that the defendant was able sufficiently to probe the intended area of inquiry *(see, People v Chin, supra; People v Allen, supra)*. We also reject defendant's claim that he was denied his right to be present at a material phase of the trial, as there is no showing that the in camera conference

had any substantial effect upon the defendant's ability to defend in this case *(see, People v Mullen,* 44 NY2d 1, 5; *People v Guzman,* 176 AD2d 561, 563, *lv denied* 79 NY2d 920).

We find the prosecutor's comments, objected to by defendant, to be either fair comment or responsive to remarks made by defense counsel *(People v Colon,* 122 AD2d 151, 152). Concur—Ellerin, J. P., Wallach, Ross and Kassal, JJ.