■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE SANTIAGO, Appellant. [648 NYS2d 991] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 30, 1991, convicting her of criminal sale of a controlled substance in the third degree under Indictment No. 5303/91, upon her plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered October 30, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction under Indictment No. 1735/87.

Ordered that the judgment and amended judgment are affirmed.

The defendant knowingly, intelligently, and voluntarily waived her right to appellate review of the issues raised by her at the time that she entered her plea of guilty. Accordingly, the judgment and amended judgment are affirmed *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1; *cf., People v Bray,* 154 AD2d 692; *People v Clark,* 45 NY2d 432). Rosenblatt, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE SANTIAGO, Appellant. [649 NYS2d 166] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered January 5, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not violate the defendant's right to confront and cross-examine the witnesses against him by refusing to compel the undercover officer who purchased narcotics from the defendant to reveal the exact location of the officer's so-called "Kel" transmitter, a device whose primary function is to help ensure the safety of such officers. A review of the record indicates that despite the court's limitation, the defendant was able to sufficiently probe the intended area of inquiry and explore the plausibility of the undercover officer's direct testimony *(see, People v Chin,* 67 NY2d 22, 31; *People v Allen,* 50 NY2d 898, 899; *People v Early,* 186 AD2d 377).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Copertino, Altman and Hart, JJ., concur.