■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MICELI, Appellant. [653 NYS2d 361] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered September 1, 1994, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes charged beyond a reasonable doubt is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, the defendant's contention is without merit. Viewing the evidence adduced at trial in the light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Furthermore, the trial court did not violate the defendant's right to confront the witnesses against him by precluding his inquiry, on cross-examination, into the precise amount of damages—$40,000,000—sought in the complainant's related civil action. Despite the court's limitation, the defendant was permitted to question the complainant about the existence of the civil lawsuit, whether he was aware that it sought millions of dollars in damages, whether he obtained legal representation, and when the lawsuit was commenced. Under these circumstances, the defendant was able to sufficiently probe the intended area of inquiry and explore the veracity of the complainant's direct testimony (see, *People v Chin*, 67 NY2d 22, 28-29; *People v Allen*, 50 NY2d 898, 899; *People v Santiago*, 232 AD2d 665; *People v Early*, 186 AD2d 377) Accordingly, there was no infringement of the defendant's right of confrontation.

Similarly without merit is the defendant's contention that the trial court erred in denying his request for a jury charge on assault in the third degree as a lesser-included offense of assault in the second degree. There was no reasonable view of the evidence, considered in the light most favorable to the defendant (see, *People v Martin*, 59 NY2d 704, 705), that would support a finding that the defendant acted with criminal negligence (see, Penal Law § 15.05 [4]; § 120.00 [3]) and not with the intent to cause physical injury (see, Penal Law § 120.05 [2]; *People v Winbush*, 165 AD2d 909).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.