■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER CLEVELAND, Appellant. [653 NYS2d 425] —Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 30, 1995, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.

On May 30, 1994, Mary Walker and others hosted a Memorial Day party. Sometime around 6:00 P.M., an argument ensued between defendant and Joseph Walker, Mary's father, which prompted him to ask defendant to leave the premises. At or about the time of this argument, Joseph Walker was holding a butcher knife. Although defendant prepared to leave, due to the efforts of Louis Deming, another resident, he remained. Around midnight, an argument ensued between defendant and Deming, which Mary Walker attempted to break up. After defendant twice pushed Mary Walker, Joseph Walker punched him in the face and knocked him to the ground.

When defendant got up and ran outside toward a shed, Deming followed him. As it appeared that defendant was looking for a weapon, Deming jumped on his back prompting defendant to choke Deming until he blacked out. Joseph Walker, after allegedly trying to break up the fight, swung a plastic pipe at defendant. At some point, the fight broke up and defendant went into the house. As Joseph Walker was being escorted into the house through the back door, defendant appeared with a knife that he had retrieved from the kitchen and stabbed Joseph Walker in the face. Notably, Joseph Walker had no weapon of any kind at such time. Defendant was thereafter apprehended by the police in a ravine not far from the residence.

At trial, most of the attendees of the party testified as witnesses for the People whereas defendant presented no witnesses and chose not to testify on his own behalf. Upon appeal, defendant contends that County Court should have charged the jury with respect to justification. He asserts that a rational jury could have concluded that he believed that Joseph Walker was armed with a knife and had the ability to use it, that

Joseph Walker was aware that defendant had a knife after he retrieved it from the kitchen, and that Joseph Walker initiated unlawful physical force as he attempted to flee the house. He argues that the jury could have reasonably determined that he believed that the force he used was necessary to protect himself from deadly physical force (*see*, Penal Law § 35.15).

County Court determined that no instruction on the defense of justification need have been given since there was a failure of proof to establish the basic elements of such defense (*see*, *People v Watts*, 57 NY2d 299). Even viewing the record in a light most favorable to defendant, we agree that there exists no reasonable view of the evidence that could permit a jury to decide that his conduct was justified (*see*, *People v McManus*, 67 NY2d 541).

Mindful that the legislative history of this statute "bespeaks a Legislature giving exceptionally careful attention to the drafting of the statute" (*People v Pena*, 169 Misc 2d 75, 85), we find no merit to defendant's constitutional contentions.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.