■ The People of the State of New York, Respondent, v Alexander Carello, Appellant. [660 NYS2d 515] —Peters, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered May 29, 1996 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

In 1995, defendant, Jeffrey Varadi (hereinafter the victim) and Daniel Baich were all students at the State University of New York at Albany. Defendant and the victim met during their freshman year and roomed together during their sophomore year. Sometime during 1995, defendant moved off campus to an apartment and was later joined by both Varadi and Baich,

who did not pay any rent. When the spring semester ended, they purportedly agreed that all three of them would share the rent over the summer months and that defendant would live in the apartment to secure their housing for the fall semester. Baich, who forwarded his share of the rent to defendant, later discovered that the rent was not being paid over the summer and, therefore, made different living arrangements for the fall semester.

On August 28, 1995, Baich and the victim were at a fraternity house located at 301 Quail Street in the City of Albany when defendant came to visit. He first had a discussion with Baich concerning the payment of rent and whether Baich still wanted to live with him. After they reached an agreement, Baich went upstairs to see the victim to discuss the living arrangements that he had made. When defendant entered the room, Baich left. In the presence of Noel Hirsch, defendant and the victim began discussing their living arrangements and the matter of rent. According to the victim, he explained that he was going to live elsewhere because he had not heard from defendant over the summer and school had already begun. Defendant contended that the victim owed him rent from the summer months while the victim maintained that he owed defendant nothing, that he had not heard from defendant over the summer and that, consequently, he was forced to find another place to live. Their discussion soon escalated into an argument. According to the victim, he started to leave the room when defendant punched him in the face. After being struck on the left side, the victim fell into the closet door, hit his head and fell to the ground. While on the ground, defendant continued to punch him in the face, causing him to black out. The victim ultimately required stitches and suffered a broken jaw and a broken cheekbone.

Hirsch, the eyewitness, testified that defendant "lunged * * * towards * * * [the victim] and * * * [he] put up his hands. [Defendant] hit him * * * [he] went down, [and] hit the back of his head against my closet door. I guess he was knocked out [a]nd then * * * [defendant] proceeded to punch him four or five times in the face." He recalled that as the victim lay prone, defendant started yelling, "I want my money. You better pay me Monday," and then hit him with powerful force. Although Hirsch did not recall the victim attempting to leave the room, he did recall that he never saw the victim's hands or arms make any movement toward defendant prior to his being struck. He further recalled that the victim raised his fists and forearms to shield his face.

After his arrest and receipt of *Miranda* warnings, defendant made both a written and oral statement in which he admitted that he "overreacted and punched [the victim]. I hit him once and he fell to the floor. I swung about five times and might have hit him three times. I hit him a couple of times when he was on the floor." At trial, the People produced, *inter alia*, the victim, Hirsch and Baich.

Upon his conviction of one count of assault in the second degree and his sentence to a term of imprisonment of 2⅓ to 7 years, defendant now appeals, contending, *inter alia*, that Supreme Court erred when it denied his requests for jury charges on the defense of justification and assault in the third degree, and when it prevented his counsel from introducing testimony concerning threats that the victim had allegedly made toward him in the past.

Viewing this record in a light most favorable to defendant, we find that there exists "no reasonable view of the evidence that could permit a jury to decide that [defendant's] conduct was justified" (*People v Cleveland*, 235 AD2d 929, 930; *see, People v Young*, 240 AD2d 974; *People v Counts*, 214 AD2d 897, *lv denied* 86 NY2d 792, 800). Since no reasonable view of the eyewitness testimony, the victim's testimony or defendant's confession, taken together, could support a conclusion that the victim, rather than defendant, was the initial aggressor, Supreme Court's refusal to give the requested charge was justified.

Nor do we find that Supreme Court should have proffered the charge of assault in the third degree since no "reasonable view of the evidence [can] * * * support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135). Had there been any evidence of a retreat by defendant, we would agree that lack of intent to cause serious physical injury was a jury question. In light of defendant's repeated striking of the prone victim, coupled with no evidence of retreat, Supreme Court properly refused the instruction (*see, People v Winbush*, 165 AD2d 909, 910, *lv denied* 77 NY2d 845).

As to Supreme Court's refusal to allow testimony concerning threats that the victim had purportedly made toward defendant in the past, again we find no error. Since no reasonable view of the evidence supports a finding that this victim was the initial aggressor, had the proposed testimony been excluded in error we would find it to be harmless (*see, People v Crimmins*, 36 NY2d 230). After examining defendant's remaining claims and finding them without merit, including the conten-

tion that his sentence was harsh and excessive (*see, People v Young*, 217 AD2d 724, *lv denied* 86 NY2d 848; *People v Knapp*, 213 AD2d 740; *cf., People v Morin*, 192 AD2d 791, *lv denied* 81 NY2d 1077), we affirm the judgment of conviction in its entirety.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.