■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PITTS, Appellant. [679 NYS2d 229] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of assault in the second degree (Penal Law § 120.05 [2]). We reject his contention that County Court abused its discretion in precluding him from offering psychiatric evidence negating an intent to cause physical injury. Defendant failed to serve and file a timely and sufficient notice of intent to offer such evidence (*see*, CPL 250.10 [2]). Defendant failed to offer an explanation for serving and filing a late and insufficient notice of intent, nor did he establish that he should be allowed to offer such evidence in the interest of justice (*see*, CPL 250.10 [2]; *cf., People v Oakes*, 168 AD2d 893, 894, *lv denied* 78 NY2d 957).

There is no merit to defendant's contention that the court erred in refusing to charge assault in the third degree (Penal Law § 120.00 [3]) as a lesser included offense of assault in the second degree (Penal Law § 120.05 [2]). There is no reasonable view of the evidence, viewed in the light most favorable to defendant, that he acted with criminal negligence rather than with the intent to cause physical injury (*see, People v Miceli*, 235 AD2d 551, 552, *lv denied* 89 NY2d 1013; *People v Price*, 99 AD2d 878, 879-880). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Assault, 2nd Degree.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.