(October 26, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK LOTMORE, Appellant. [715 NYS2d 94] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Lamont, J.), rendered July 9, 1997, upon a verdict convicting defendant of the crimes of criminal contempt in the second degree (two counts), assault in the third degree and unlawful imprisonment in the second degree.

Defendant was indicted on assault in the second degree, burglary in the first degree and unlawful imprisonment in the first degree stemming from allegations that he forcibly entered the apartment of a former girlfriend one morning, physically assaulted her and then forced her to leave with him. He was also indicted on two counts of criminal contempt in the first degree stemming from allegations that he telephoned the victim from jail on numerous occasions in violation of an order of protection issued at his arraignment prohibiting any contact with her. At trial, medical evidence showed that the victim suffered a fractured nose, swollen face, lip abrasions and hemorrhaging eyes as a result of the assault. Defendant was convicted of assault in the third degree, unlawful imprisonment in the second degree and two counts of criminal contempt in the second degree and sentenced to four consecutive one-year prison terms. He appeals.

Defendant essentially claims that there was legally insufficient proof that he restrained the victim as required to support his conviction for unlawful imprisonment in the second degree. We disagree. An individual is guilty of unlawful

imprisonment in the second degree when he or she restrains another person (*see*, Penal Law § 135.05), that is, "restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with his [or her] liberty by moving him [or her] from one place to another * * * without consent and with knowledge that the restriction is unlawful" (Penal Law § 135.00 [1]). Furthermore, one is deemed to have been moved "without consent" when that movement is accomplished by, as relevant here, physical force or intimidation (*see*, Penal Law § 135.00 [1]).

The victim testified that defendant forced his way into her apartment and repeatedly struck her in the face, choked her, pulled her hair, pressed his thumbs into her eyes and threatened to kill her. She testified that she was bleeding from the mouth and nose and thought that her jaw had been broken. Moreover, according to the victim, defendant "kept pulling" her and insisting that she leave with him and go to work because he did not want her to call the police. Although defendant was not physically touching the victim as he directed her to a nearby bus stop, he warned her not to attempt to catch a neighbor's attention for assistance. The two then boarded the bus, sat in different seats and the victim exited alone at her usual stop, at which point she proceeded to her place of employment and the police were immediately contacted. Viewing this evidence in the light most favorable to the People (*see*, *People v Bleakley*, 69 NY2d 490, 495), we conclude that it was legally sufficient to establish that defendant restrained the victim by physical force and/or intimidation (*see*, Penal Law §§ 135.00 [1]; 135.05).

Next, defendant claims that he was denied a fair trial by portions of the victim's testimony which referenced certain uncharged crimes and bad acts. The testimony was found by County Court to be probative of motive and intent, or necessary background information, a finding with which we agree. Moreover, the court gave appropriate limiting instructions during the testimony and again in its final charge to the jury that such testimony was not proof of any propensity on defendant's part to commit any of the crimes charged but was admitted solely for the purposes of establishing motive and/or intent or as relevant background information (*see, e.g.*, *People v Maxwell*, 260 AD2d 653, *lv denied* 93 NY2d 1004; *People v Cook*, 251 AD2d 1033, *affd* 93 NY2d 840; *People v Shorey*, 172 AD2d 634, *lv denied* 78 NY2d 974).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.