■ In the Matter of SHANIQ S., a Person Alleged to be a Juvenile Delinquent, Appellant. [722 NYS2d 769] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated November 19, 1999, which, upon a fact-finding order of the same court, dated October 15, 1999, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, attempted assault in the third degree, and criminal possession of stolen property in the fifth degree, adjudged her to be a juvenile delinquent and placed her on probation for 18 months. The appeal brings up for review the fact-finding order and the denial, without a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, that branch of the omnibus motion which was to suppress identification testimony is granted, and the proceeding is dismissed.

The Family Court erred in denying that branch of the omnibus motion which was to suppress the complainant's identification testimony. The presentment agency failed to notify the appellant of the identification pursuant to Family Court Act § 330.2 (2) and CPL 710.30 (1). During the fact-finding hearing, the complainant testified that she identified the appellant as one of the perpetrators while the appellant was standing outside of a police precinct in handcuffs. The presentment agency notified the appellant of an identification that occurred elsewhere, but did not notify her of the identification at the precinct. Therefore, the complainant's testimony concerning the identification at the precinct should have been suppressed (*see, People v Lopez,* 84 NY2d 425; *People v O'Doherty,* 70 NY2d 479; *People v Perez,* 177 AD2d 657).

Furthermore, the complainant only testified as to the identification at the precinct, and no other eyewitnesses testified for the presentment agency. Without the complainant's identification testimony, the evidence against the appellant was far from overwhelming. Therefore, the error was not harm-

less (*see, People v McMullin,* 70 NY2d 855; *People v O'Doherty, supra*). Accordingly, the proceeding must be dismissed. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.