■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. LUCK, Appellant. [742 NYS2d 678] —Peters, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered April 10, 2001, upon a verdict convicting defendant of the crimes of assault in the second degree and burglary in the first degree.

Defendant was indicted for the crimes of assault in the second degree, burglary in the first degree and rape in the first degree, arising from an attack upon the victim on June 12, 2000. Following a jury trial, he was convicted of assault in the second degree and burglary in the first degree, and thereafter sentenced as second felony offender to a determinate prison term of 7 years on the assault conviction and 25 years on the burglary conviction, the sentences to run concurrently. He appeals, challenging the legal sufficiency and weight of the evidence, various evidentiary rulings, the failure of County Court to instruct the jury as to the lesser included crime of assault in the third degree, and the severity of his sentence.

In assessing whether the verdict was supported by legally sufficient evidence, we must view the evidence in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621) and determine whether "there is any valid line of reasoning and permissible inferences which could lead a

rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]); a determination of whether the prosecution has proved a prima facie case (*see, People v Zabala*, 290 AD2d 578, *lv denied* 97 NY2d 735). While according great deference "to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley, supra* at 495), if we find, upon our independent review, that a different result would not have been unreasonable, we must then engage in a further analysis where we "'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony'" (*id.* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62). If the trier of fact failed to give the evidence the weight it should be accorded, we may set the verdict aside (*see, People v Bleakley, supra* at 495).

Here, the People established its prima facie case on the burglary charge. The testimony of the victim, supported by that of her neighbor, established that defendant knowingly entered the victim's residence without license or privilege to do so. The victim testified that she rented her home solely for herself and her sons and so informed her landlord. While she admitted that defendant would occasionally stay at her residence after showing up unannounced and intoxicated, he was never provided with a key despite his continuing requests. However, we also recognize that the jury could reasonably have found that defendant did have a privilege to be on the property since the testimony established, inter alia, that he was the father of one of the children who lived in the household, that some of his property was on the premises and that he and the victim had historically lived together on various occasions, thereby triggering our weight of the evidence review. According appropriate deference to the jury's unique opportunity to view the witnesses, hear the testimony and observe the demeanor of those individuals who testified, we do not find that its resolution of the credibility issues is against the weight of the evidence and conclude that defendant's burglary conviction should be affirmed (*see, People v Richards*, 290 AD2d 584; *People v Bradley*, 272 AD2d 635; *People v Van Steenburg*, 221 AD2d 799, *lv denied* 87 NY2d 978).

Turning to the crime of assault in the second degree, we find the record evidence to amply support the jury's verdict. The victim's testimony recounts that after she returned to her home

with her sons around midnight on June 12, 2000 and settled them in for the evening, she saw defendant running down the hall in her direction. He lifted her from the floor, dragged her past her children into the bathroom and repeatedly punched and kicked her. After defendant left, the victim telephoned 911 and called out to a nearby neighbor. Testimony of the neighbor and police authorities described the victim as bloodied, bruised and swollen. Her treating physician testified that as a result of the attack, she suffered five fractured ribs, a shattered cheekbone, a lost tooth, a broken clavicle and a separated shoulder. From this evidence alone, we can discern no error in the jury's determination that defendant committed the crime of assault in the second degree since, with intent, he caused serious physical injury to the victim (*see*, Penal Law § 120.05 [1]).

Nor do we find defendant's evidentiary contentions persuasive. No error is discerned in County Court's admission of evidence describing defendant's prior bad acts and uncharged crimes, in the form of prior domestic incidents involving defendant and the victim, since County Court repeatedly cautioned the jury that the evidence was to be used only for the limited purpose of motive and state of mind. The evidence helped to explain defendant's relationship with the victim and establish his motive; its probative value was not outweighed by its prejudicial effect (*see, People v Sturdivant*, 277 AD2d 607, 608, *lv denied* 95 NY2d 970; *People v Lotmore*, 276 AD2d 901, 902, *lv denied* 96 NY2d 736; *People v Long*, 269 AD2d 694, 696, *lv denied* 94 NY2d 950; *People v Shorey*, 172 AD2d 634, 635, *lv denied* 78 NY2d 974).

County Court also properly refused to charge the jury on the lesser included offense of assault in the third degree (Penal Law § 120.00 [1]). While it is impossible to commit assault in the second degree without also committing assault in the third degree, the determinative issue becomes whether there was a reasonable view of the evidence which could permit the jury to find that the victim's injuries were not sufficiently serious to constitute assault in the second degree (*see, People v Van Norstrand*, 85 NY2d 131, 135). Since the severity of the victim's injury is the only distinguishing characteristic of the two crimes (*compare*, Penal Law § 120.00 [1], *with* Penal Law § 120.05 [1]), and testimony established that the victim remained totally disabled for months after the attack and was to suffer long-term or lifelong effects from the assault, defendant failed to demonstrate any entitlement to a charge on the lesser included offense (*see, People v Lawrence*, 277 AD2d 501, 502; *People v Hade*, 255 AD2d 768, 769, *lv denied* 93 NY2d

971; *People v Carello*, 241 AD2d 903, 905, *lv denied* 90 NY2d 938).

With the sentence falling within permissible statutory limits, and the record reflects that these brutal, violent crimes were committed while defendant was on parole and with no countervailing circumstances presented, we refuse to disturb it (*see, People v Paige*, 289 AD2d 872; *People v Mitchell*, 289 AD2d 776; *People v Kisenik*, 285 AD2d 829, *lv denied* 97 NY2d 657; *People v Hines*, 277 AD2d 504, *lv denied* 96 NY2d 759).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.