In the Matter of KENDELL F., a Person Alleged to be a Juvenile Delinquent, Appellant. [817 NYS2d 371]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated June 10, 2005, as amended March 16, 2006, which, upon a fact-finding order of the same court dated June 1, 2005, as amended March 16, 2006, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated June 1, 2005, as amended March 16, 2006.

Ordered that the order of disposition, as amended, is reversed, on the law, without costs or disbursements, the fact-finding order, as amended, is vacated, and the matter is remitted to the

Family Court, Kings County, for a new fact-finding hearing and disposition thereafter.

Police Officer Richard Iavarone allegedly observed a car in which the appellant and three others were traveling drive past a stop sign. He turned on the flashing lights of his marked patrol car and followed the vehicle from a distance of about half a block. Shortly thereafter, the car came to a stop and its four passengers ran out in different directions. At that time, Iavarone allegedly observed the appellant for "[a] couple of seconds." The entire incident lasted less than one minute. The car had been abandoned in the roadway with its engine still running, and Officer Iavarone entered it in order to move it to a safe location. On the floor of the passenger side of the vehicle, Iavarone found a loaded firearm and, on the rear passenger seat, a MetroCard. Iavarone later traced the MetroCard to Acorn High School.

The following day, Iavarone and two other officers went to Acorn High School, concededly for the purpose of identifying the appellant, to whom the MetroCard had been issued. At the school, the officers asked for the appellant by name, and he was then brought into a room where Iavarone identified him. The appellant was immediately placed under arrest.

On this record, we find that the presentment agency was required by law to provide timely notice, pursuant to Family Court Act § 330.2 (2) and CPL 710.30 (1) (b), of its intent to offer Iavarone's identification testimony at the fact-finding hearing. Contrary to the presentment agency's contention, Iavarone's identification of the appellant at the school was neither fortuitous nor spontaneous; rather, by Iavarone's own account, it was the direct result of a police-arranged identification procedure (cf. *People v Dixon*, 85 NY2d 218 [1995]; *People v Newball*, 76 NY2d 587, 591 [1990]; *see also People v Boyer*, 6 NY3d 427 [2006]). Moreover, under the circumstances of this case, the identification was not merely confirmatory and of a type normally exempt from *Wade* hearings (*see United States v Wade*, 388 US 218 [1967]; *cf. People v Boyer, supra; compare with People v Rodriguez*, 79 NY2d 445 [1992]; *People v Wharton*, 74 NY2d 921, 923 [1989]), nor was the need for statutory notice obviated on the theory that the perpetrator's identity was simply not at issue (*cf. People v Newball, supra* at 591-592; *compare with People v Gissendanner*, 48 NY2d 543, 552 [1979]).

The presentment agency's failure to give timely notice required preclusion of Iavarone's identification testimony (*see* Family Ct Act § 330.2 [8]; *Matter of Shaniq S.*, 282 AD2d 540 [2001]; *cf. People v Boyer, supra; People v Lopez*, 84 NY2d 425,

428 [1994]; *People v Bernier,* 73 NY2d 1006, 1008 [1989]; *People v O'Doherty,* 70 NY2d 479, 488-489 [1987]). Without that testimony, the evidence against the appellant was far from overwhelming, and thus, the error was not harmless (*see Matter of Shaniq S., supra*). Accordingly, we reverse the order of disposition, as amended, vacate the fact-finding order, as amended, and remit the matter to the Family Court, Kings County, for a new fact-finding hearing and disposition thereafter.

The appellant's remaining contention is without merit. Florio, J.P., Adams, Luciano and Fisher, JJ., concur.