THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMARRAY GOODSON, Appellant. [825 NYS2d 778]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dickerson, J.), rendered July 29, 2003, convicting him of criminal possession of a controlled substance in the fifth degree, unlawful possession of marijuana, and crossing a double yellow line, after a jury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of unlawful possession of marijuana and crossing a double yellow line is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Cooper*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of those offenses, as well as of criminal possession of a controlled substance in the fifth degree, beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions

to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant contends that there were two accomplices who testified at trial, and that neither accomplice's testimony was sufficiently corroborated. The defendant's argument is only preserved with respect to the codefendant who was deemed an accomplice as a matter of law at trial (*see People v Shaaban*, 14 AD3d 721 [2005]; *People v Odiot*, 242 AD2d 308, 309 [1997]). The codefendant's testimony was sufficiently corroborated by independent evidence connecting the defendant to the crimes of which he was convicted (*see* CPL 60.22 [1]; *People v Breland*, 83 NY2d 286 [1994]; *People v Lawrence*, 17 AD3d 697 [2005]).

The defendant's contentions that his confrontation rights were violated when the court allegedly prevented him from fully exploring contradictions within the codefendant's testimony, and when it permitted an officer to testify about her actions in response to a conversation with another officer, are unpreserved for appellate review (*see People v Rodriguez*, 28 AD3d 496 [2006]; *People v Radcliffe*, 273 AD2d 483, 485 [2000]; *People v Hughes*, 251 AD2d 513 [1998]). In any event, the defendant was afforded ample opportunity on cross-examination to question the codefendant concerning the alleged discrepancies and contradictions (*see People v Chan*, 67 NY2d 22, 28-29 [1986]; *People v Arroyo,* 54 NY2d 567, 574-575 [1982], *cert denied* 456 US 979 [1982]; *People v Allen*, 50 NY2d 898, 899 [1980]; *People v Linton*, 21 AD3d 909, 910 [2005]; *People v Salazar*, 1 AD3d 387, 388 [2003]; *People v Santiago*, 232 AD2d 665 [1996]). Further, the officer's testimony was properly admitted to explain the events precipitating the defendant's arrest and the discovery of the controlled substance (*see People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Flournoy*, 303 AD2d 762 [2003]; *People v Stephens*, 274 AD2d 487, 488 [2000]).

With regard to the defendant's challenge to the propriety of the jury charge, viewing the charge as a whole, the instructions regarding credibility and the benefit the codefendant received for cooperating adequately conveyed to the jury the appropriate standard by which to evaluate the testimony of the People's witnesses (*see People v Inniss*, 83 NY2d 653, 658-659 [1994]; *People v Kettreis*, 19 AD3d 706, 707 [2005]; *People v Hosannah*, 2 AD3d 458, 459 [2003]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Miller, Spolzino and Dillon, JJ., concur.