THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE DAILEY, Appellant. [926 NYS2d 662]—

The defendant's contention that the photo arrays from which a number of witnesses selected his picture were unduly suggestive is without merit. There were no characteristics of the defendant's picture that made it stand out in any way from the others in the arrays so as to draw a viewer's attention to it and indicate that the police had "made a particular selection" (*People v Curtis*, 71 AD3d 1044, 1045 [2010]; *see People v Ferguson*, 55 AD3d 926 [2008]; *People v Wright*, 297 AD2d 391 [2002]). Accordingly, the hearing court properly denied suppression of identification testimony.

Contrary to the defendant's contention, the trial court correctly denied his motions pursuant to CPL 270.10 challenging three jury panels from which the jury was selected. The written motions that the defendant submitted on this issue were patently deficient because they failed to allege facts demonstrating that the claimed underrepresentation of African-Americans on the jury panel was the result of systematic exclusion (*see People v Branch*, 244 AD2d 562 [1997]). The defendant also contends that the trial court erred in denying his *Batson* challenges (*see Batson v Kentucky*, 476 US 79 [1986]) with respect to the prosecutor's use of peremptory challenges to exclude African-Americans and a Hispanic from the jury. The prosecutor provided race-neutral explanations for excluding each of the prospective jurors at issue (*id*. at 97). The trial court's determination that these explanations were nonpretextual is entitled to deference on appeal and should not be disturbed where, as here, it is supported by the record (*see People v Hernandez*, 75 NY2d 350, 356-357 [1990]; *People v Waters*, 81 AD3d 673 [2011]).

The defendant's contention regarding Penal Law § 265.03 (3) is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

The defendant's contention that the accomplice testimony adduced at trial was insufficiently corroborated by independent evidence is without merit (*see* CPL 60.22 [1]; *People v Breland*, 83 NY2d 286, 292 [1994]; *People v Goodson*, 35 AD3d 760, 761 [2006]). The Criminal Procedure Law requires only that the corroborative evidence "tend[s] to connect" the defendant with the commission of the relevant offense (CPL 60.22 [1]). Under that standard, "[a]ll that is necessary is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth" (*People v Daniels*, 37 NY2d 624, 630 [1975]). That standard was met in this case. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.