*1150 Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the accomplice testimony adduced at trial was insufficiently corroborated by independent evidence is without merit (see CPL 60.22 [1]; People v Breland, 83 NY2d 286, 292 [1994]; People v Dailey, 86 AD3d 579, 580 [2011]; People v Goodson, 35 AD3d 760, 761 [2006]). The Criminal Procedure Law requires only that the corroborative evidence “tend[s] to connect” the defendant with the commission of the relevant offense (CPL 60.22 [1]). Under that standard, “[a] 11 that is necessary is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth” (People v Daniels, 37 NY2d 624, 630 [1975]). That standard was met in this case.
The defendant’s further contention that the testimony of several witnesses that he admitted to the crimes charged was not adequately supported by corroborative evidence also is without merit. “A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed” (CPL 60.50; see People v Booden, 69 NY2d 185, 187 [1987]). CPL 60.50 requires only some proof that a crime was committed by someone (see People v Chico, 90 NY2d 585, 589 [1997]). Here, there was ample testimony establishing such proof.
The Supreme Court erred in denying the defendant’s request for a missing witness charge. In opposition to the defendant’s prima facie showing that the uncalled witness could have been reasonably expected to testify favorably to the People, that he was knowledgeable about a material issue in the case, and that he was in the People’s control (see People v Ingram, 71 AD3d 786, 787 [2010]), the People failed to “account for the witnesses] absence or otherwise demonstrate that the charge would not be appropriate” (People v Gonzalez, 68 NY2d 424, 428 [1986]). *1151 However, the error was harmless, as there was overwhelming evidence of the defendant’s guilt and no significant probability that the error contributed to his conviction (see People v Johnson, 95 AD3d 1237, 1237 [2012]; People v Chardon, 83 AD3d 954, 955 [2011]; People v Brown, 75 AD3d 515, 516 [2010]).
The defendant’s contention that the sentences imposed constituted cruel and unusual punishment is unpreserved for appellate review (see People v Clerge, 69 AD3d 955, 955 [2010]). In any event, the contention is without merit (see People v Jones, 39 NY2d 694, 697 [1976]; People v Khan, 89 AD3d 750, 751-752 [2011]; People v Cruz, 54 AD3d 962, 963 [2008]). However, the sentences imposed upon the defendant’s convictions on each count of attempted murder in the second degree and assault in the first degree were excessive to the extent indicated (see People v Diaz, 118 AD2d 651 [1986]; People v Young, 113 AD2d 852 [1985]; People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Hall, Roman and Cohen, JJ., concur.