In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Wallace E appeals from an order of disposition of the Family Court, Richmond County (Sacco, J.), dated August 21, 2013, which, upon a fact-finding order of the same court dated June 6, 2013, made after a hearing, finding that he committed acts which, if committed by an adult, would have *889 constituted the crimes of attempted assault in the third degree, grand larceny in the fourth degree, robbery in the third degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and conditionally discharged him for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant’s omnibus motion which was to suppress identification testimony.
Ordered that the order of disposition is affirmed, without costs or disbursements.
Contrary to the appellant’s contention, the Family Court properly denied his motion to preclude the complainant from making an in-court identification. Pursuant to Family Court Act § 330.2 (2), the presentment agency provided adequate notice of its intention to offer, at the fact-finding hearing, the identification testimony of the complainant, who had identified the appellant out of court (see CPL 710.30 [1] [b]; cf. People v Lopez, 84 NY2d 425, 428 [1994]; People v Nolasco, 70 AD3d 972 [2010]; Matter of Courtney C., 114 AD3d 938 [2014]; Matter of Kendell F., 30 AD3d 601 [2006]). Contrary to the appellant’s further contention, the presentment agency met its burden of demonstrating that the identification procedure was reasonable and not unduly suggestive (see Matter of Dashawn R., 114 AD3d 686 [2014]; Matter of Jamel G., 51 AD3d 918, 919 [2008]; Matter of Kassan D., 282 AD2d 747 [2001]; cf. People v Dailey, 86 AD3d 579 [2011]; People v Ortiz, 84 AD3d 839 [2011]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Steven L., 86 AD3d 613, 614 [2011]; cf. CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Daniel R., 51 AD3d 933 [2008]; People v Bleakley, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the Family Court’s fact-finding determination that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the third degree, grand larceny in the fourth degree, robbery in the third degree, and criminal possession of stolen property in the fifth degree, was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; cf. People v Romero, 7 NY3d 633 [2006]).
Skelos, J.E, Lott, Roman and LaSalle, JJ., concur.