THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LOUCKS, Appellant. [2 NYS3d 620]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered November 15, 2012, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary (*see People v Anderson*, 42 NY2d 35 [1977]; *People v Huntley*, 15 NY2d 72 [1965]) and, if applicable, that the defendant knowingly, intelligently, and voluntarily waived his or her *Miranda* rights (*see Miranda v Arizona*, 384 US 436, 444 [1966]) prior to making the statements (*see People v Williams*, 62 NY2d 285, 288-289 [1984]).

"[W]here a person in police custody has been issued *Miranda*

warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (*People v Dayton*, 66 AD3d 797, 798 [2009] [internal quotation marks omitted]; *see People v Hasty*, 25 AD3d 740, 741 [2006]). Here, the evidence adduced at the *Huntley* hearing (*see People v Huntley*, 15 NY2d 72 [1965]) failed to elucidate the circumstances of the administration of *Miranda* warnings to the defendant in relation to another criminal investigation and subsequent questioning of him in the instant matter, without a repeat of the warnings, by City of Poughkeepsie Police Department Detective Karl Mannain. Accordingly, the hearing court erred in denying that branch of the defendant's omnibus motion which was to suppress the statements he made to the detective. However, the admission of these statements at trial was harmless beyond a reasonable doubt, as the evidence of the defendant's guilt without reference to these statements was overwhelming, and there was no reasonable possibility that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant's contention that the accomplice testimony adduced at trial was insufficiently corroborated by independent evidence is without merit (*see* CPL 60.22 [1]; *People v Breland*, 83 NY2d 286, 292 [1994]; *People v Gonzales*, 101 AD3d 1149 [2012]; *People v Dailey*, 86 AD3d 579, 580 [2011]). The Criminal Procedure Law requires only that the corroborative evidence "tend[s] to connect" the defendant with the commission of the relevant offense (CPL 60.22 [1]). Under that standard, "[a]ll that is necessary is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth" (*People v Daniels*, 37 NY2d 624, 630 [1975]; *see People v Gonzales*, 101 AD3d at 1150). That standard was met in this case.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.