■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (DiTucci, J.), rendered December 11, 1984, convicting him of sodomy in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was convicted of performing oral sodomy with an eight-year-old girl. During direct examination of the girl's mother, who had caught the defendant in the act, the mother gratuitously mentioned that she had at one point asked the child if this had ever happened before. The prosecutor immediately interrupted this response and no testimony was permitted as to the child's answer. Contrary to the defendant's contentions, this comment did not mandate a mistrial under the circumstances of this case. Thus, there was no abuse of discretion in denying the motion for a mistrial. We note that no request was made for curative instructions and no exception was taken to the failure to do so.

The court's twin rulings that the People's medical witness was not qualified as an expert in semen and spermatozoa

testing and characteristics but could nevertheless render expert opinions on those subjects were inconsistent. Nevertheless, since the witness had sufficient knowledge, training and experience in the subject to render reliable testimony, the admission of his testimony was not improper *(see, e.g., Matott v Ward,* 48 NY2d 455, 459). Although the refusal to declare the witness an expert was erroneous, the error was beneficial to the defense and, therefore, does not warrant reversal.

We have examined the defendant's remaining contention and find it to be without merit. Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.