■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHYKOR BENJUDAH, Appellant. [721 NYS2d 811] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 17, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the Supreme Court erred in denying his request to charge the jury that one of the People's witnesses was an accomplice as a matter of law, and that his testimony therefore required corroboration (*see,* CPL 60.22). Under the circumstances, the witness is considered an accomplice as a matter of law, and the jury should have been instructed accordingly (*see, People v Sweet,* 78 NY2d 263; CPL 60.22). Since the error was not harmless, we reverse and order a new trial.

In light of the above determination, we need not address the defendant's remaining contentions. Santucci, J. P., S. Miller, Goldstein and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH BOYCE, Appellant. [721 NYS2d 812] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered September 3, 1997, convicting him of criminal possession of a forged instrument in the second degree (21 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, the evidence was legally sufficient to support the convictions (*see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant claims that a prosecution witness was allowed to give expert testimony without being certified as an expert. However, the witness was qualified to give the elicited testimony. The failure of the court to so certify the witness only served to benefit the defendant (*see, People v Robinson,* 123 AD2d 455). Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.