■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BROWN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDREW BROWN, Respondent. [731 NYS2d 704] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered December 3, 1998, convicting defendant, after a jury trial, of conspiracy in the fourth degree, criminal sale of a firearm in the third degree and 19 counts of criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 14 to 28 years, and order, same court and Justice, entered on or about December 3, 1998, which set aside the jury verdicts convicting defendant of criminal sale of a firearm in the first and second degrees and dismissed those counts, unanimously affirmed.

Defendant's speedy trial motion was properly denied. With the exception of a 14-day period that the People concede should have been charged against them, the record supports the court's findings of excludability. Accordingly, the chargeable time did not exceed the statutory threshold.

The court properly granted the People's application for a missing witness charge with respect to defendant's half-brother, who lived in the same house as defendant at the time

of the incident, and who was neither a codefendant nor an accomplice. The court properly concluded that, under the circumstances of the case, the possibility that, if called, the half-brother might invoke his privilege against self-incrimination was not enough to avoid a missing witness charge (*see, People v Macana*, 84 NY2d 173, 177-179). Defendant's claim that his half-brother was not under his control is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's half-brother was under his control for missing witness purposes (*see, People v Gonzalez*, 68 NY2d 424, 428-429).

The court properly exercised its discretion in allowing an expert witness to provide background information about illegal firearms trade. The jury was faced with a large-scale gun trafficking case, which involved issues calling for technical knowledge beyond the knowledge of the typical juror (*see, People v Cronin*, 60 NY2d 430).

The court properly exercised its discretion in denying defendant's mistrial motion based on a certain portion of the prosecutor's summation. The remarks in question could not have deprived defendant of a fair trial, in light of the court's curative instructions, which the jury is presumed to have followed, as well as the overwhelming evidence of guilt (*see, People v D'Alessandro*, 184 AD2d 114, 118-120, *lv denied* 81 NY2d 884).

We perceive no basis for reduction of sentence.

In their cross appeal, the People argue that the trial court erred in setting aside defendant's convictions for first and second-degree sale of a firearm (Penal Law §§ 265.13, 265.12). These statutes require the sale of 20 or 10 guns, respectively, and it is undisputed that none of the transactions of which defendant was convicted involved more than five guns. It is also undisputed that there was a series of separate transactions, as opposed to a single transaction with the delivery of the guns staggered over multiple dates. The People argue that defendant's various sales of guns to the same customer (an undercover agent), constituted a common scheme or plan pursuant to a single intent and thus should be aggregated to raise the degree of the crime, as is permitted under certain circumstances in larceny cases (*see, People v Cox*, 286 NY 137). We find that the People's interpretation of the statute so as to permit aggregation, while in line with this State's policy to severely restrict the illegal trafficking of firearms, is not consistent with the plain language and legislative history of the statute. Accordingly, we agree with the court's decision (179

Misc 2d 279) that the aggregation principle does not apply. Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.