THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN INGRAM, Appellant. [896 NYS2d 446]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered May 25, 2006, convicting him of robbery in the first degree, burglary in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The defendant was alleged to have committed a robbery, burglary, and assault in connection with a January 2004 incident. At trial, the People adduced evidence that the defendant entered the complainant's apartment with two accomplices. There was also evidence that the defendant pointed a gun at the complainant and demanded money, while one of the accomplices pointed a knife at a witness. The complainant attempted to grab the gun, and the gun went off during the ensuing struggle. The complainant suffered a bullet wound to the groin. One of the defendant's alleged accomplices testified that he stole a DVD player from the complainant's apartment after the shooting.

At trial, the People elicited testimony as to the complainant's identification of the defendant at a corporeal lineup conducted several days after the incident. The complainant indicated that the defendant was one of the perpetrators, but he also stated that he would not have recognized the defendant on the street. The People also elicited evidence that the complainant failed to identify one of the defendant's alleged accomplices in a lineup. Further, a witness who was in the apartment during the occurrence could not definitively identify the defendant at trial. One of the defendant's alleged accomplices, who was charged along with the defendant, and who pleaded guilty and agreed to cooperate with the District Attorney prior to the trial, testified to the circumstances of this occurrence. The other alleged accomplice, who also was charged under the indictment and pleaded guilty prior to this trial, was not called as a witness by the People. After the incident, the nontestifying alleged accomplice initially had identified two people other than the defendant as the perpetrators, although she later stated that the defendant was one of the perpetrators at her plea allocution.

Under the unique circumstances herein, the Supreme Court erred in denying the defendant's application for a missing witness charge with respect to the nontestifying alleged accomplice. The defendant established, prima facie, his entitlement to a missing witness charge, as he established that the missing witness could have been reasonably expected to testify favorably to the People, that she was knowledgeable about a material issue in the case, and that she was in the control of the People (*see People v Gonzalez*, 68 NY2d 424, 427-429 [1986]). The People failed to defeat the defendant's prima facie showing (*id.*). Contrary to the People's contention, the prosecutor's speculation that the missing witness may have perjured herself at trial if she testified did not, by itself, establish that she was not in the control of the People under the circumstances herein (*see People v Keen*, 94 NY2d 533 [2000]; *see also People v Brown*, 287 AD2d 404, 404-405 [2001]). Accordingly, the Supreme Court should have granted the defendant's application for a missing witness charge. Further, the error was not harmless under the circumstances herein. In particular, the proof of the defendant's identity was not overwhelming. In addition, the Supreme Court, in effect, affirmatively charged the jury to disregard the missing witness' failure to testify. Under these circumstances, the denial of the defendant's application warrants reversal of the conviction and a new trial (*see People v Gonzalez*, 68 NY2d at 430-431; *see also People v Williams*, 5 NY3d 732, 733-734 [2005]; *People v Demagall*, 63 AD3d 34, 40 [2009]).

Further, the witness Hiram Guzman was an accomplice as a

matter of law (*see* CPL 60.22 [2]). Accordingly, at the new trial, the jury should be charged as to the principles of corroboration of accomplice testimony with respect to Guzman's testimony (*see* CPL 60.22; *People v Sweet*, 78 NY2d 263, 266-268 [1991]; *People v Benjudah*, 281 AD2d 554 [2001]; *see also People v Gonzales*, 159 AD2d 721, 721-722 [1990]; *People v Strawder*, 124 AD2d 758 [1986]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Florio, Miller and Austin, JJ., concur.